727 P.2d 553

Freddie PRUDENCIO and Tessie Pruden-
cio, Individually and as Personal Rep-
resentatives of the Estate of Yolanda B.
Prudencio, Deceased, and as Next
Friend of Richard Prudencio, a Child,
Plaintiffs-Appellees,

v.

Faustin GONZALES and Flora Gonzales,
his wife, Individually and d/b/a Faust's
Transportation, Virginia Valencia and
Merlin Valencia, Defendants-Appel-
lants.

No. 9223.

Court of Appeals of New Mexico.

Oct. 7, 1986.

Thomas F. Hooker, Jr., Curtis J. Lombar-
di, Hooker & Lombardi, P.C., Albuquerque,
for plaintiffs-appellees.

Norman F. Weiss, Farlow, Simone, Rob-
erts & Weiss, Albuquerque, for defendants-
appellants.

## OPINION

FRUMAN, Judge.

This proceeding arises out of the alleged wrongful death of Freddie and Tessie Prudencio's daughter, either upon being thrown from, or while exiting, a school bus owned, operated, driven, or maintained by the defendants. Following a jury verdict in favor of defendants, plaintiffs moved for a new trial based, in part, on the asserted improprieties of the court bailiff. Their motion was granted and, in this interlocutory appeal, defendants claim that this decision was erroneous. We do not agree.

Following the evidentiary hearing on plaintiffs' motion, the trial court entered findings that: the bailiff who attended the jury was the brother-in-law of a defendant; had introduced the jury to his wife, who is a sister of one defendant and sister-in-law of another; had introduced the jury to his young daughter and son, the niece and nephew of two defendants; and had allowed his son to eat with the jury.

While the trial court did not make any specific findings with respect to the following, it did hear testimony that: the bailiff urged the jurors not to select a certain panel member as foreman; the bailiff hinted that he was somehow involved in or had a relationship to the trial; the bailiff told at least several jurors that he was running for election as sheriff and might contact them after the trial for their vote; and the bailiff told one juror that if she wasn't "good" he would tell her husband.

Plaintiffs successfully demonstrated that the jurors knew of the familial relationships of the bailiff and his family to several of the defendants. One juror testified, however, that while she thought the bailiff was trying to influence the jury, his actions had no effect upon her. The plaintiffs stipulated that, if the remaining jurors were to be called, they, too, would testify that they had not been influenced by the bailiff. Even so, the court found that the subjective and subtle nature of these incidents created the presumption that the jury

had been improperly influenced. Accordingly, a new trial was ordered.

■ A bailiff's duty is to attend the court and the jury. *See State v. Evans,* 48 N.M. 58, 145 P.2d 872 (1944). When the bounds of that duty are exceeded through the bailiff's conduct or comments, the question arises as to whether the jury process has been irreparably harmed or prejudiced. *State v. Beal,* 48 N.M. 84, 146 P.2d 175 (1944); *State v. Evans. See also State v. Clements,* 31 N.M. 620, 249 P. 1003 (1926). By virtue of being a court official who has close contact with the jury, a bailiff must guard his comments and actions while in their presence. When the bailiff's conduct invades or infringes upon the jury's province, it is probable that prejudice will occur. *See Parker v. Gladden,* 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966) (per curiam). Then the threshold question for the trial court is whether the unauthorized conduct creates a presumption of prejudice. *See State v. Beal; State v. Clements; see also State v. Melton,* 102 N.M. 120, 692 P.2d 45 (Ct.App.1984); *State v. Doe,* 101 N.M. 363, 683 P.2d 45 (Ct.App.1983), *cert. denied,* 101 N.M. 276, 682 P.2d 61 (1984); *Budagher v. Amrep Corp.,* 100 N.M. 167, 667 P.2d 972 (Ct.App.), *cert. denied,* 100 N.M. 192, 668 P.2d 308 (1983). See also the review of decisions relating to communications between court officials and jurors in Annot. 35 A.L.R.4th 890 (1985) (criminal cases), which supercedes, in part, Annot. 41 A.L.R.2d 288 (1955) (civil cases), and Annot. 62 A.L.R. 1466 (1929) (criminal cases).

■ A trial court is vested with discretion in deciding whether to grant or deny a motion for a new trial made pursuant to NMSA 1978, Civ.P.R. 59 (Repl.Pamp.1980), and its decision will not be reviewed except to determine whether that discretion has been abused. *Chavez-Rey v. Miller,* 99 N.M. 377, 658 P.2d 452 (Ct.App.1982), *cert. denied,* 99 N.M. 358, 658 P.2d 433 (1983). In this case, during the hearing on the motion for a new trial, the validity of the verdict was in issue, and the trial court was therefore authorized to receive evidence as to "whether extraneous prejudicial infor-

mation was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror." NMSA 1978, Evid.R. 606(b) (Repl.Pamp.1983). *See State v. Melton; State v. Doe; Duran v. Lovato,* 99 N.M. 242, 656 P.2d 905 (Ct.App.1982), *cert. denied,* 99 N.M. 226, 656 P.2d 889 (1983). After receiving that evidence, the issue then is whether there is a "reasonable probability" or a likelihood that the extrinsic communications or conduct would have an effect upon the verdict or upon a typical juror. *State v. Melton* (citing *State v. Beal,* 48 N.M. 84, 146 P.2d 175 (1944)); *United States v. Bruscino,* 687 F.2d 938 (7th Cir.1982), *cert. denied,* 459 U.S. 1228 (1983); *Miller v. United States,* 403 F.2d 77 (2nd Cir.1968); *Kirby v. Rosell,* 133 Ariz. 42, 648 P.2d 1048 (Ct.App.1982); *State v. Cox,* 322 N.W.2d 555 (Minn.1982).

■ Once the presumption of prejudice is established, the burden then shifts to the opposing party to demonstrate that the improper conduct did not have an influential effect upon the jurors. *State v. Clements; State v. Melton.* Whether that burden had been met rests within the sound discretion of the trial court. *State v. Ho'o,* 99 N.M. 140, 654 P.2d 1040 (Ct.App.), *cert. denied,* 99 N.M. 148, 655 P.2d 160 (1982). That burden was met in the following: *State v. McClure,* 94 N.M. 440, 612 P.2d 232 (Ct. App.1980) (stating that the improper communication was merely a restatement of an instruction previously given); *State v. Maes,* 81 N.M. 550, 469 P.2d 529 (Ct.App. 1970) (stating that the improper communication was made after the jury was ready to return its verdict). *See also* NMSA 1978, Civ.P.R. 59 (Repl.Pamp.1980).

■ This court has recognized that jurors will seldom admit their inability to act impartially, even when they assert otherwise. *See State v. Perea,* 95 N.M. 777, 626 P.2d 851 (Ct.App.), *cert. denied,* 96 N.M. 17, 627 P.2d 412 (1981) (citing *State v. Sims,* 51 N.M. 467, 188 P.2d 177 (1947)). Our courts have also recognized that a trial court abuses its discretion when its decision is clearly untenable, *State v. Har-*

*grove,* 81 N.M. 145, 464 P.2d 564 (Ct.App. 1970), or when it is clearly contrary to the logic and effect of the facts and circumstances of the case, *State v. Simonson,* 100 N.M. 297, 669 P.2d 1092 (1983). Our review of the exercise of that discretion is not conditioned on whether we would have reached the same conclusion, given the same circumstances. *See Edington v. Alba,* 74 N.M. 263, 392 P.2d 675 (1964).

■ As stated above, a bailiff, by his position, represents the authority of the court, and where there is evidence of improper conduct that casts a shadow on the impartiality of the jury's deliberations, the trial court, in the exercise of its discretion, may properly order a new trial. *See Fincher Investigative Agency, Inc. v. Scott,* 394 So.2d 559 (Fla.App.1981); *O'Brien v. City of Seattle,* 52 Wash.2d 543, 327 P.2d 433 (1958). In this case, the trial court found that the subjective and subtle nature of the bailiff's conduct may have adversely affected the jury. Given the facts and circumstances that confronted the trial court, we conclude that the record supports the finding of improper influence from which a presumption of prejudice may arise, and the finding that defendants failed to rebut that presumption. We also conclude that the court's decision to order a new trial is neither clearly contrary to logic nor clearly untenable. Its decision avoids any appearance of impropriety in the prior trial.

We hold that the trial court's order should be affirmed.

IT IS SO ORDERED.

DONNELLY and MINZNER, JJ., concur.