772 P.2d 1308

David **MARTINEZ**, Plaintiff–Appellant
and Cross–Appellee,

**Safeco Insurance Company,**
**Involuntary Plaintiff,**

v.

**PONDEROSA PRODUCTS, INC.,**
Defendant–Appellee and
Cross–Appellant.

Nos. 10001, 10030.

Court of Appeals of New Mexico.

Dec. 29, 1988.

Certiorari Denied March 9, 1989.

Felicia A. Norvell, The Norvell Law Firm, Thomas E. Jones, Albuquerque, for plaintiff-appellant and cross-appellee.

Larry D. Beall, Jana S. Perry, Beall, Pelton, O'Brien & Brown, Albuquerque, for defendant-appellee and cross-appellant.

## OPINION

BIVINS, Judge.

After obtaining a less favorable result following a second jury trial, plaintiff appeals the grant of a new trial following the first trial. The sole issue raised in plaintiff's appeal is whether the trial court abused its discretion in granting a new trial. Defendant Ponderosa Products, Inc. (Ponderosa) cross appeals from the judgment entered on the verdict following the second trial; however, Ponderosa desires its issues considered only if we reverse on plaintiff's appeal. Because we affirm the grant of a new trial, we do not reach Ponderosa's cross appeal.

Plaintiff, a member of the Plumbers and Pipefitters Union and employed by Turco Engineering (Turco), sustained an injury when he and a co-worker attempted to move a heavy motor they had loaded onto a jiffy-lift across a wet concrete floor. Plaintiff slipped on the wet flooring and fell backwards. The jury in the first trial found total damages in the amount of $1,222,156 and apportioned fault 60% to

Ponderosa, the owner of the premises where the work was being done; 40% to Turco, plaintiff's employer; and 0% to plaintiff. Turco is not a party to this action since it provided workers' compensation coverage. Its carrier, Safeco Insurance Company, seeks reimbursement for benefits paid plaintiff. *See Taylor v. Delgarno Transp., Inc.*, 100 N.M. 138, 667 P.2d 445 (1983).

Ponderosa moved for a new trial. The trial court rejected defendant's grounds, but *sua sponte* granted a new trial for the following reasons:

7. The amount of damages, $1,222,-156.00 is not supported by substantial evidence, is against the weight of the evidence, and is so grossly excessive as to require the inference the verdict is the result of passion, prejudice, sympathy, undue influence or mistake in the correct measure of damages.

8. The determination that Plaintiff was not to any degree negligent is not supported by substantial evidence, is against the weight of the evidence and is so contrary to the evidence as to require the inference the verdict is the result of passion, prejudice, sympathy, undue influence or mistake.

9. The Plaintiff, without his attorney's knowledge, had an agent contact one member of the jury panel and the Court prior to trial and ask such member of the panel and the Court to favor the Plaintiff. When coupled with the large verdict and the determination of liability in favor of the Plaintiff, these acts create a suspicion and impression of misconduct, taints [sic] the verdict and causes [sic] the Court concern as to other possible improprities [sic].

Plaintiff does not challenge the trial court's authority to grant a new trial, *see* SCRA 1986, 1–059, only the adequacy of the grounds. The grant or denial of a new trial is a matter resting within the sound discretion of the trial court, and the reviewing court will not reverse absent a manifest abuse of that discretion. *Mathis v. Atchi-*

*son, Topeka & Santa Fe Ry.*, 61 N.M. 330, 300 P.2d 482 (1956); *Adams v. Cox*, 55 N.M. 444, 234 P.2d 1043 (1951). In determining whether the trial court abused its discretion, we examine the entire record, not just the portions favorable to plaintiff. *Minor v. Homestake–Sapin Partners Mine*, 69 N.M. 72, 364 P.2d 134 (1961).

Plaintiff would have us review each ground separately in deciding whether an abuse occurred. However, " '[a]n abuse of discretion is said to occur when the court exceeds the bounds of reason, *all the circumstances before it being considered.*' *Independent Steel & Wire Co. v. New Mexico Cent. R. Co.*, 25 N.M. 160, 165–166, 178 P. 842, 844 (1918)." *Acme Cigarette Servs., Inc. v. Gallegos*, 91 N.M. 577, 580, 577 P.2d 885, 888 (Ct.App.1978) (emphasis added). An appellate court reviewing under the abuse of discretion standard will not reverse a trial judge's exercise of discretion unless the decision is "clearly untenable, or when it is clearly contrary to the logic and effect of the facts and circumstances of the case[.]" *Prudencio v. Gonzales*, 104 N.M. 788, 790, 727 P.2d 553, 555 (Ct.App.1986) (citations omitted). When we examine all the circumstances before the trial court, as it did, we find no abuse of discretion.

## DAMAGES

▪ Regarding damages, wide latitude is allowed the jury and, unless it appears the amount awarded is so grossly out of proportion to the injury received as to shock the conscience, the court should not substitute its judgment for that of the jury. *Mathis v. Atchison, Topeka & Santa Fe Ry.* Only when the excessive damages appear to have been given under the influence of passion or prejudice may a new trial be granted for that reason. *Id.* If excessiveness of the verdict was the only ground for granting a new trial, we might be inclined to agree with plaintiff. He offered evidence of medical expense in excess of $30,000; two surgical procedures; lost earnings of between $191,538 and $217,844, depending on varying wage rates

in two areas; and opinion testimony of impaired future earnings of between $1,120,968 and $1,278,468, again depending on the area involved. Additionally, plaintiff would be entitled to consideration as to the nature, extent, and duration of the injury and pain and suffering. SCRA 1986, 13–1806 & –1807. Ponderosa counters this with evidence that the figures for lost earnings and earning capacity would be significantly reduced had the jury considered that plaintiff could have retrained for other employment, and that Dr. Dillman, the economist, did not make a vocational evaluation.

We need not resolve the issue of abuse of discretion on any single ground. All must be considered together. *Acme Cigarette Servs., Inc. v. Gallegos.* When we examine the other factors which the trial court considered in its decision to grant a new trial, we do not find an abuse of discretion. The other factors could have made it appear to the trial court that the verdict and damages award were the result of undue influence, passion, or prejudice on the jury's part.

## JURY'S DETERMINATION THAT PLAINTIFF WAS NOT NEGLIGENT

In determining that the jury's finding of no negligence on the part of plaintiff was against the weight of the evidence and not supported by substantial evidence, the trial court undoubtedly considered evidence that the wet floor was obvious to plaintiff; he had complained of it before the accident (albeit for other reasons); was aware others had slipped; and, as job steward for the union with the responsibility to oversee safety, plaintiff had the option of leaving the worksite until any unsafe condition was corrected. As with damages, the question presented does not require us to decide in isolation whether the trial court correctly determined that the jury verdict of no negligence on the part of plaintiff was improper. Although appellate review of the division of fault is exceedingly narrow, *see Marcus v. Cortese*, 98 N.M. 414, 649 P.2d 482 (Ct.App.1982), we are satisfied the trial court, in granting a new trial, did not con-

sider this ground in isolation, but together with the sizeable verdict and plaintiff's improper conduct in contacting the trial judge and a prospective juror. We follow the same approach.

## PLAINTIFF'S CONTACT WITH JUDGE AND PROSPECTIVE JUROR

The trial judge filed an affidavit revealing that several months before trial a politically active individual had approached the court on plaintiff's behalf suggesting that plaintiff had been seriously hurt and was "deserving of any monies which he might receive in his lawsuit." The individual expressed hope that the trial judge would do anything he could to help plaintiff to secure an appropriate judgment.

Later, and closer to the trial date, the trial judge saw plaintiff at a political rally. They passed pleasantries but did not discuss the case. Shortly afterwards, at the rally, two persons, who identified themselves as friends of plaintiff and known to be politically active, approached the trial judge, indicating they had been asked by plaintiff to talk to the judge. Each asked that the judge "try to aid [plaintiff] in securing an adequate judgment." The trial judge informed counsel at the beginning of trial of these contacts, but stated he felt they would have no effect on his ability to preside.

In his affidavit the trial judge said that, at the time, these contacts did not cause him concern. He became suspicious of other misconduct only after he learned that a prospective juror had been contacted by plaintiff. When he coupled this information with the jury's determination that plaintiff had not been negligent to any degree and with the very large award, the trial judge concluded that the verdict had become tainted.

On the first day of trial, it came to the trial court's attention that the night before someone who had been summoned for jury duty, but who was not a member of the panel for the trial in this case, had been contacted by someone seeking favorable

treatment for a plaintiff named "Dave," who had suffered a back injury. When the trial court revealed this to the parties and counsel, outside the presence of the jury, plaintiff stated he gave a woman at an acupuncture clinic $30 for her treatment and apparently learned from the woman the name of one of the prospective jurors. While the statement made by plaintiff in the record is not clear, we understand he talked to the husband of the prospective juror. The jury panel was then questioned by the trial court concerning outside contact; no one responded.

Plaintiff argues that the juror contacted was not chosen to hear the case, and that plaintiff and the friend who contacted the judge in January 1984 denied any impropriety. Plaintiff also denies authorizing anyone to contact the trial judge on his behalf at any rally.

Numerous cases have addressed whether communications with jurors may be grounds for granting a new trial. Because a trial judge exercises discretion in deciding these matters, the results of these cases of course vary widely. *See, e.g.,* cases collected in 66 C.J.S. *New Trial* §§ 47–51 (1950); 58 Am.Jur.2d, *New Trial* §§ 103–110, 113 (1971). Thus, there is no set rule as to when a judge, without abusing his or her discretion, may justifiably grant a new trial on the basis of communications with jurors or prospective jurors. Suffice it to say, "[t]he trial court in its discretion may refuse to grant a new trial because of a communication with a juror not serving in the case; however, the facts of a particular case may indicate sufficient grounds for setting the verdict aside." 58 Am.Jur.2d, *supra,* § 109 at 315 (footnote omitted).

## CONCLUSION

We hold that, under the circumstances of this case, the trial court could properly award a new trial. Even though the jurors did not respond, we have recognized that jurors will seldom admit their inability to act impartially. *Prudencio v. Gonzales.* Likewise, one could hardly expect plaintiff or his friends to admit they sought favorable treatment. Nevertheless, when these contacts are viewed in the light of the jury verdict, a suspicion of improper conduct is justified. We do not view the trial court's decision as "clearly untenable, or clearly contrary" to the circumstances surrounding the first verdict here. The trial court did not abuse its discretion in granting a new trial. The judgment entered following the second full trial is affirmed. Both sides shall pay the costs of their appeals.

IT IS SO ORDERED.

FRUMAN and HARTZ, JJ., concur.