775 P.2d 745

Robert J. ARCHULETA, et al.,
Plaintiffs–Respondents,

v.

NEW MEXICO STATE POLICE, et al.,
Defendants–Appellants.

No. 10826.

Court of Appeals of New Mexico.

Feb. 23, 1989.

Certiorari Denied May 2, 1989.

544

Janet Clow, White, Koch, Kelly & McCarthy, P.A., Santa Fe, for defendants-appellants.

John B. Roesler, Santa Fe, for plaintiffs-respondents.

## OPINION

HARTZ, Judge.

We granted an interlocutory appeal in this case to consider questions concerning the scope and interrelationships of the rule governing motions for new trial, SCRA 1986, 1–059; the rule providing relief from a judgment or order, SCRA 1986, 1–060(B); and the time limits for ruling on post-trial motions established by (1) NMSA 1978, Section 39–1–1, (2) Rule 1–059(D), and (3) SCRA 1986, 12–201(E)(5).

On a prior interlocutory appeal we reversed the district court's order for a new trial after a defense verdict. On remand the district court again ordered a new trial, which order is the subject of this appeal. Determining the law of the case from the first appeal raises unique questions. Before addressing them, we decide the following: (1) the district court did not abuse its discretion in granting a new trial on the ground that a juror overheard misleading statements about a judicial ruling in the case; (2) a party can seek relief from a judgment under Rule 1–060(B)(6) based on such a taint of the jury; and (3) if Rule 1–060(B) permits a particular post-trial motion for relief from a judgment, Section 39–1–1 and Rules 1–059(D) and 12–201(E)(5) do not govern the motion, so the motion is not deemed denied if the district court fails to rule on it within thirty days. We affirm the district court and remand for a new trial. Our discussion of the law of the case does not meet the criteria for publication under SCRA 1986, 12–405. Therefore, that discussion will be treated as an unpublished, memorandum opinion and may not be cited as precedent.

## SUBSTANTIVE BASIS FOR NEW TRIAL

■ During the trial the district court tentatively granted defendants a directed verdict and then reconsidered, letting the trial proceed. The jury returned a verdict in favor of defendants. At a post-trial hearing, however, one juror testified that on the day of the tentative directed verdict she overheard two persons outside the courtroom say that the judge had already decided in favor of defendants.

In its first order granting a new trial the trial judge stated that there was "a reasonable probability" the two comments influenced the juror who overheard them. We agree with the trial judge. Without considering the juror's own testimony concerning whether she was affected by the comments, *see* SCRA 1986, 11–606(B), we believe the juror may have decided not to consider carefully plaintiffs' case because she thought such an effort would be futile, given the judge's apparent ruling in defendants' favor. Plaintiffs therefore could have lost the vote of that juror and any influence that juror may have had on other members of the jury.

New Mexico appellate courts have repeatedly expressed concern about contamination of jury deliberations. *See Martinez v. Ponderosa Prods., Inc.,* 108 N.M. 385, 772 P.2d 1308 (Ct.App.1988); *State v. Ramming,* 106 N.M. 42, 49, 738 P.2d 914, 921 (Ct.App.), *cert. denied,* 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987) (deliberative process is sacrosanct); *Prudencio v. Gonzales,* 104 N.M. 788, 727 P.2d 553 (Ct. App.1986). We have deferred to the trial judge in determining whether such contamination requires a new trial. *See Prudencio v. Gonzales.* Granting a new trial in this case was within the district court's discretion.

The difficulty of this case arises not from the substance of the district court's ruling, but from its timing. Plaintiffs had filed their first motion for a new trial on July 23, 1987, two months before the original order. A statute, a rule of district court procedure, and a rule of appellate procedure all state that motions for a new trial are deemed denied if not granted within thirty days. To overcome the bar of those rules, we must hold that (1) Rule 1–060(B) authorized plaintiffs' motion and (2) the thirty-day time limit does not apply to motions authorized by Rule 1–060(B).

RULE 1–060(B) AUTHORIZED PLAINTIFFS' MOTION FOR A NEW TRIAL

■ Plaintiffs' motion for a new trial recited that they sought relief under Rule 1–059. We do not dispute that the rule authorized the motion. A district court may order a new trial under Rule 1–059 because of improper influence on a juror. *See, e.g., Prudencio v. Gonzales.*

■ Rule 1–059 is not, however, the only authority upon which plaintiffs could have based their motion. Rule 1–060(B) also permits certain attacks on a judgment or order which, if successful, could lead to a new trial. Rule 1–060(B) "provide[s] a simplified method for correcting errors in final judgments." *Phelps Dodge Corp. v. Guerra,* 92 N.M. 47, 50, 582 P.2d 819, 822 (1978). It substitutes for a variety of common law writs and equitable proceedings—often of hypertechnical application—which were abolished by its enactment. *See* R. 1–060(B).

The differences between Rules 1–059 and 1–060(B) with respect to the authority to grant a new trial are (1) the grounds for relief under Rule 1–060(B) are narrower than those under Rule 1–059 and (2) the time within which one must seek relief is longer under Rule 1–060(B) than under Rule 1–059. The grounds for relief under Rule 1–060(B) are as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 1–059;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment * * *.

One can bring a motion under Rule 1–060(B) well after the judgment is final. The rule provides: "The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one-year [sic] after the judgment, order or proceeding was entered or· taken." Under Rule 1–059(B), on the other hand, "[a] motion for a new trial shall be served not later than ten (10) days after the entry of the judgment."

The ground alleged by plaintiffs in seeking a new trial—a problem with the integrity of the jury process—justifies granting relief from the judgment under Rule 1–060(B)(6). *See Consolidated Gas & Equip. Co. of Am. v. Carver*, 257 F.2d 111 (10th Cir.1958); *Canton Oil Corp. v. District Court, Second Jud. Dist.*, 731 P.2d 687 (Colo.1987) (En Banc). If a party learns of improper influence on a jury several months after judgment is entered, relief may be appropriate under Rule 1–060(B)(6) despite expiration of the ten-day time limit under Rule 1–059(B) for serving ordinary motions for a new trial.

We must caution, however, that one cannot sit back and wait indefinitely for further developments before deciding whether to seek a new trial pursuant to Rule 1–060(B). Any motion under that rule must be "made within a reasonable time." *Cf. Restatement (Second) of Judgments* § 78 comment e (1982) (suggesting that a 60(b) motion is untimely if it could have been raised promptly after trial but was not). In any case, the timeliness of the motion is not an issue here.

## A MOTION AUTHORIZED BY RULE 1–060(B) NEED NOT BE DECIDED WITHIN THIRTY DAYS

■ Time limits that may be applicable to plaintiffs' motion are set by a statute, a rule of civil procedure, and a rule of appellate procedure. We begin with the statute because there is New Mexico Supreme Court precedent on point which both controls interpretation of the statute and provides guidance to interpretation of the two rules.

Section 39–1–1, in pertinent part, reads:

> Final judgments and decrees, entered by district courts in all cases tried pursuant to the provisions of this section shall remain under the control of such courts for a period of thirty days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of any motion which may have been filed within such period, directed against such judgment; provided, that *if the court shall fail to rule upon such motion within thirty days after the filing thereof, such failure to ·rule shall be deemed a denial thereof;* and, provided further, that the provisions of this section shall not be construed to amend, change, alter or repeal the provisions of Sections 4227 or 4230, Code 1915. [Emphasis added.]

In *Wooley v. Wicker*, 75 N.M. 241, 403 P.2d 685 (1965), the supreme court held that a motion pursuant to the predecessor of Rule 1–060(B), which sought to set aside a default judgment entered six days earlier, was not automatically deemed denied when the district court failed to rule on the motion within thirty days. The supreme court wrote:

> Insofar as the provisions [of Section 39–1–1, then codified as NMSA 1953, Section 21–9–1] that failure by the court to rule on a motion within 30 days shall be deemed a denial thereof, application is limited to motions filed within 30 days after entry of final judgments and decrees and during which period the court retains control thereof. This is clearly stated when in the section reference is made to "motions which may have been filed *within such period,* directed against such judgment." (Emphasis added) In this connection we note that § 21–9–1, N.M.S.A.1953, specifically provides that it "shall not be construed to amend, change, alter or repeal, the provisions of sections 4227 or 4230, Code 1915." These sections are now incorporated into our rule 60(b) (§ 21–1–1(60)(b), N.M.S.A.1953) which provides that motions thereunder may be made within a reasonable time, with a one-year limitation as to some of the grounds therein specified. Although in the instant case

the motion was filed within 30 days, it stands to reason that the 30-day limitation for the court to rule has no application.

*Id.* at 245, 403 P.2d at 687-88 (emphasis in original).

We interpret *Wooley* as reasoning that the time limits set by Section 39-1-1 for a district court ruling did not apply to a motion authorized pursuant to another provision of law, at least when the other provision ordinarily permitted more time within which to file the motion than did Section 39-1-1. Why impose the time constraints of Section 39-1-1—which set an outer limit of sixty days after judgment to rule on a motion—when the motion properly could be filed after that sixty-day period? One could bring a Rule 1-060(B) motion (1) without the grant of jurisdiction to the district court in Section 39-1-1 and (2) long after Section 39-1-1 would have required a ruling on the motion; so the time limit for ruling on Section 39-1-1 motions did not govern Rule 1-060(B) motions.

This approach readily resolves the issue of the applicability to Rule 1-060(B) motions of the provision in Rule of Civil Procedure 1-059(D) that reads, "If a motion for new trial is not granted within thirty (30) days from the date it is filed, the motion is automatically denied." As noted earlier, motions under Rule 1-059(B) must be served within ten days of judgment. Thus, the situation is closely analogous to that arising under Section 39-1-1. We hold that the thirty-day time limit of Rule 1-059(D) does not apply to motions for a new trial authorized by Rule 1-060(B).

█ More difficult to analyze is the appellate rule establishing a time limit for post-trial motions, Rule 12-201(E)(5), which was adopted in 1986. Unlike Section 39-1-1 and Rule 1-059(B), the appellate rule does not authorize a type of motion and then set time limits for deciding such a motion.

For guidance in interpreting Rule 12-201(E)(5), we look to its context. The Rules of Appellate Procedure begin with Rule 12-101(A), which states:

**Scope of rules.** These rules govern procedure in appeals to the supreme court and the court of appeals, in applications to the supreme court for extraordinary writs, in proceedings for the removal of public officials, in actions removed from the State Corporation Commission and in matters certified to the supreme court from the court of appeals or a federal court.

Rule 12-201 is entitled "Appeal as of right; when taken." The rule governs when a notice of appeal must be filed, which party filing a notice of appeal is deemed the appellant and which the cross-appellant, and the scope of review available without filing a cross-appeal. Paragraph D provides that the time limits for filing a notice of appeal are not extended by the filing of a post-trial motion. Paragraph E, entitled "Extensions of time," includes the provision at issue, which states: "(5) If a post-trial motion for new trial or a post-trial motion which attacks the judgment, verdict or findings of fact is not granted within thirty (30) days from the date it is filed, it shall be deemed automatically denied."

Although the language of Rule 12-201(E)(5) is broadly inclusive, its location suggests its limited scope. The time limit appears in a rule of appellate procedure relating to "extensions of time." Certainly the rule was not intended to apply to motions that might be filed after the time for appeal has expired or after an appeal has been decided. Someone filing such a motion could hardly be expected to check the appellate rules to determine the law governing the motion. Yet, motions under Rule 1-060(B) are likely to be filed in just such circumstances. Consequently, Rule 12-201(E)(5) could not apply to a large proportion of Rule 1-060(B) motions. We see no reason why the time limit for decisions set by Rule 12-201(E)(5) should apply to some Rule 1-060(B) motions but not others. We conclude that Rule 12-201(E)(5) was not intended to apply to Rule 1-060(B) motions. Particularly given the holding in *Wooley* that a Rule 1-060(B) motion was not governed by a time limit that on its face was applicable, we would expect that if a time limit was meant to apply to Rule

**548**

1–060(B) motions, care would be taken to specifically so provide.

Two further considerations support this conclusion. First, the thirty-day limit for decision is likely to be a significantly greater burden for a Rule 1–060(B) motion than for an ordinary motion for a new trial under Rule 1–059. The latter motion generally will require only reconsideration by the trial judge of matters that occurred during the trial. On the other hand, Rule 1–060(B) motions typically will involve consideration of matters that had not previously appeared before the court. *Phelps Dodge Corp. v. Guerra* (extrinsic evidence often necessary). As in this case, such motions may well require discovery (defendants deposed the juror) and an evidentiary hearing.

Second, the purpose of Rule 12–201(E)(5) —preventing lengthy post-trial delays prior to appeal, *see Canton Oil,* 731 P.2d at 693—would not be advanced by setting a thirty-day time limit for deciding Rule 1–060(B) motions. Rule 1–060(B) states, "A motion under this paragraph does not affect the finality of a judgment or suspend its operation." Therefore, such a motion will not affect the time for filing an appeal. Nor should a Rule 1–060(B) motion interfere with the appellate court's timely disposition of the appeal. *Compare State ex rel. Bell v. Hansen Lumber Co.,* 86 N.M. 312, 523 P.2d 810 (1974) (party seeking relief under Rule 1–060(B) during pendency of appeal can seek remand from appellate court for consideration of motion) *with* 11 C. Wright & A. Miller *Federal Practice and Procedure: Civil* § 2873 (1973) (district court should hear a Rule 60(B) motion despite pendency of appeal; if district court wishes to deny the motion, it has authority to do so, and if district court wishes to give relief, application can be made to appellate court for a remand to let district court grant the motion). *Cf. Standard Oil Co. of Cal. v. United States,* 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976) (district court does not need leave of appellate court to hear Rule 60(b) motion after appeal decided).

 We hold that a Rule 1–060(B)(6) motion is not automatically deemed denied if not ruled upon within thirty days.

The remainder of the opinion, other than the Conclusion, shall not be published.

CONCLUSION

For the foregoing reasons, we affirm the district court's order and remand for a new trial.

IT IS SO ORDERED.

DONNELLY and CHAVEZ, JJ., concur.