878 P.2d 1018

**Kathe Rogers DOZIER,
Petitioner–Appellee,**

v.

**Gilbert L. DOZIER, Respondent–
Appellant.**

**No. 13413.**

Court of Appeals of New Mexico.

June 17, 1994.

**70**

Gerard J. LaVelle, Albuquerque, for petitioner-appellee.

R. Thomas Dawe, Randall D. Roybal, Civerolo, Wolf, Gralow & Hill, P.A., Albuquerque, for respondent-appellant.

## OPINION

PICKARD, Judge.

Husband appeals the district court's grant of Wife's motion for relief from judgment under SCRA 1986, 1–060(B)(1) (Repl.1992). We hold that SCRA 1–060(B) relief should have been denied in this case, and we reverse.

BACKGROUND

Husband and Wife were married on March 26, 1990. Wife petitioned for divorce four months later. Following settlement negotiations, Wife filed a motion to enforce a settlement agreement which she contended had been reached by both parties. The district court conducted evidentiary hearings on the motion on December 12, 1990, and on January 16, 1991. On January 28, 1991, the district court entered an order on the motion enforcing the settlement. In its order the district court found, inter alia, that certain periodic payments to be made by Husband to Wife while Wife was in school were not alimony but were instead property, were not modifiable, and were neither income to Wife nor deductible by Husband. The order further provided that if no additional findings or conclusions were requested by the parties, the order would become final and appealable on March 15, 1991. No such requests were made by the parties.

On February 27, 1991, however, Wife filed a motion under SCRA 1986, 1–059 (Repl. 1992), requesting that the trial court amend its January 28 judgment by recharacterizing the periodic payments as modifiable, nontaxable alimony. Although one of the grounds for this motion was that counsel for both parties at the evidentiary hearing characterized these payments as alimony, other grounds for the motion were that Husband was not making the payments and had instead caused the instigation of a garnishment action by one of Wife's creditors against Husband's obligation to Wife. In addition, Wife may have been contemplating bankruptcy. The underlying reason for Wife's motion thus appears to be to protect the periodic payments from the claims of her creditors. *See* Annotation, *Liability of Alimony for Wife's Debts*, 55 A.L.R. 361, 366–68 (1928) (alimony in hands of the payor spouse is not garnishable by creditors of the other spouse); Joseph E. Edwards, Annotation, *Wife's Claim to Alimony or Other Allowances in Divorce or Separation Suit as Passing, or Exempt from Passing, to Trustee in Wife's Bankruptcy Under § 70(a) of Bankruptcy Act (11 USC § 110(a))*, 10 A.L.R.Fed. 881, 884 (1972) (alimony does not pass into the bankrupt's estate). This motion to recharacterize the periodic payments as alimony was denied on May 3, 1991.

On May 13, 1991, Wife filed a motion under SCRA 1–060(B)(1), alleging that the characterization of the payments as property and not as alimony was a mistake. On July 8, 1991, the trial court granted this motion, and ordered that the payments be recharacterized as alimony. Husband appeals from this order.

## DISCUSSION

■ SCRA 1–060(B)(1) allows a district court to relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect. . . ." Although the setting aside of a judgment under SCRA 1–060(B) is generally reviewed for an abuse of discretion on the part of the district court, *Desjardin v. Albuquerque Nat'l Bank,* 93 N.M. 89, 91, 596 P.2d 858, 860 (1979), there are instances in which the issue is one of law and is reviewable as such. 7 James Wm. Moore & Jo D. Lucas, *Moore's Federal Practice* ¶ 60.19 (2d ed. 1990 & Cum.Supp.1992–93). We recently had occasion to rule in such an instance in *Deerman v. Board of County Commissioners,* 116 N.M. 501, 504–06, 864 P.2d 317, 320–22 (Ct.App.), *cert. denied,* 116 N.M. 364, 862 P.2d 1223 (1993), in which we held that a district court could not grant a SCRA 1–060(B)(1) motion grounded on legal error after the expiration of the time for appeal. Our ruling today is similar to that in *Deerman.*

A SCRA 1–060(B)(1) motion must be made "within a reasonable time" and not more than one year after judgment. *See* SCRA 1–060(B)(6); *see also Archuleta v. New Mexico State Police,* 108 N.M. 543, 546, 775 P.2d 745, 748 (Ct.App.), *cert. denied,* 108 N.M. 384, 772 P.2d 1307 (1989). In her SCRA 1–060(B)(1) motion, Wife alleged that the characterization of the monthly payments as property in the January 28 order was a mistake because the parties had agreed at the evidentiary hearings that the payments were alimony.

On appeal, Husband argues that the SCRA 1–060(B)(1) motion was not made within a reasonable time because it could have been made under SCRA 1–059. As support for his argument, Husband cites the Restatement (Second) of Judgments, Section 78, comment e (1982), which states in pertinent part:

> A motion to set aside a judgment under a Rule 60(b) type of proceeding may not be employed to obtain relief that the party should have sought by a motion for new trial or through an appeal. Under modern procedure practically all the grounds upon which the judgment in a contested action may be attacked by a 60(b) motion are also grounds for granting a new trial, if they are discovered within the time within which the motion for new trial may be made. Furthermore, the range of circumstances under which a motion for new trial may be granted is much broader than that upon which a 60(b) motion may be founded, in that less extreme instances of miscarriage of justice may be remedied. Hence, if the time limit within which a new trial motion may be made has not expired, it is usually inappropriate to seek relief through a 60(b) motion. . . .
>
> This set of relationships between the motion for new trial and the 60(b) type of motion means that an applicant for 60(b) relief is required to show that he could not have obtained the relief through a new trial motion. *Ordinarily, this poses the question whether the applicant became, or should reasonably have become, aware of the facts on which his application is grounded before the time limit had expired on a new trial motion. If it appears that he had sufficient notice of those grounds while the new trial motion was available to him, 60(b) relief should be denied unless his failure to pursue the new trial is excusable.*

(Emphasis added.)

■ Thus, the Restatement takes the position that when the grounds for a SCRA 1–060(B) motion are or should have been known within the ten-day time limit for a SCRA 1–059(B) motion for a new trial, it is inappropriate to try to circumvent that time limit by resorting to the longer time limit afforded by SCRA 1–060(B). We agree with this position. *See Archuleta,* 108 N.M. at 546, 775 P.2d at 748 (citing Section 78, comment e, with approval); *cf. Deerman,* 116 N.M. at 504–06, 864 P.2d at 320–22 (SCRA 1–060(B)(1) should not be used to circumvent time limit for appeal). Further, we believe that this rationale is equally appropriate in the context of a SCRA 1–059(E) motion to amend the judgment. *See Scola v. Boat Frances, R., Inc.,* 618 F.2d 147, 154 (1st Cir.1980) ("The ten day time limitation fixed by Rule 59(e) is one of the few limitary periods which the court has no power to enlarge, [*see* ] Rule 6(b), and the use of Rule

60(b) as an escape ·from it introduces an unacceptable contradiction to an important principle underlying the finality of judgments.")

In this case, Wife's SCRA 1–060(B)(1) motion alleged that the order's characterization of the periodic payments was a mistake because "both parties, through counsel, characterized the payments as alimony or support at the January 16, 1991 hearing." Thus, Wife knew all of the facts supporting her SCRA 1–060(B)(1) motion within ten days of March 15, 1991, the effective date of the order, and in fact had a motion for new trial pending upon these same grounds. Under these circumstances, if Wife had not filed a motion for new trial, the SCRA 1–060(B) motion would have been inappropriate as a matter of law. Having filed her motion for new trial and lost, Wife cannot simply rework the same underlying facts into a SCRA 1–060(B) motion in the hopes that sooner or later she will prevail. The clear sense of the Restatement as well as New Mexico caselaw in *Archuleta* and *Deerman* is that SCRA 1–060(B) may not be used unfairly to duplicate the remedies, or delay the consequences, of other, similar rules. The "important principle underlying the finality of judgments[,]" *Scola*, 618 F.2d at 154, requires that Wife, having had her chance at a motion for new trial, should put the matter to rest. *See Rios v. Danuser Mach. Co.*, 110 N.M. 87, 93, 792 P.2d 419, 425 (Ct.App.), *cert. quashed*, 110 N.M. 72, 792 P.2d 49 (1990). Wife is barred from relitigating the issue under the guise of SCRA 1–060(B).

CONCLUSION

We hold that the district court erred in granting Wife's SCRA 1–060(B)(1) motion. The order of the district court is reversed.

**IT IS SO ORDERED.**

FLORES and BOSSON, JJ., concur.