This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**KATHY C. FAIN,**

    Plaintiff-Appellant,

**v.**                                                                                          **No. 31,905**

**TERESA ROMERO,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**John W. Pope, District Judge**

Kathy C. Fain
Los Lunas, NM

Pro Se Appellant

Law Offices of Bruce S. McDonald
Bruce S. McDonald
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

    Plaintiff appeals from the denial of her motions for judgment notwithstanding the verdict (jnov) and new trial. We proposed to affirm in a calendar notice. Plaintiff

has responded with a memorandum in opposition. We have carefully considered Plaintiff's arguments, but we find them unpersuasive. We affirm.

In her memorandum in opposition, Plaintiff continues to claim that it was error for the district court to deny her renewed motion for jnov and her motion for a new trial. Plaintiff first argues that the district judge erred in failing to consider the "weight" of the evidence when ruling on her motions, and refers to oral comments by the judge in support of her argument. [MIO 17-18] We point out that "[o]ral statements of a judge in articulating his ruling at the close of trial do not constitute a 'decision' . . . , and error may not be predicated thereon." *Balboa Constr. Co. v. Golden*, 97 N.M. 299, 304, 639 P.2d 586, 591 (Ct. App. 1981). In addition, there is nothing to suggest that Plaintiff made this argument to the district court. *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). Even if Plaintiff properly preserved her argument, the district court did not err in denying Plaintiff's motions, as we discuss below.

Plaintiff claims that the district court and this Court failed to consider "very crucial, undisputed facts." [MIO 3] In particular, Plaintiff contends that Defendant relied on a "sudden stop" defense, but negated her defense through her own testimony. Plaintiff states that the district court, in deciding her motions, was required to

2

determine that Defendant had a duty to Plaintiff to avoid the accident by keeping a proper lookout, to determine whether Defendant breached that duty, and to determine whether there were exceptions to the "sudden stop" defense that "did not excuse the duty." [MIO 3-4]  According to Plaintiff, Defendant was aware that trucks in the area of the accident make wide turns, Defendant had looked up to see Plaintiff braking, and Defendant testified that she did not see the large tractor trailer in the adjacent lane prior to the accident.  [MIO 8-9] Plaintiff argues that this information should have been given more weight and would have led to a different verdict.

We disagree with Plaintiff's argument.  The jury heard the testimony and was given instructions on Plaintiff's theories, including Plaintiff's belief that Defendant did not keep a proper lookout, and the jury concluded that Defendant was not liable. [RP 261-81]  The evidence was sufficient to support the jury's verdict.  Therefore, based on the standards applicable to the motions filed by Plaintiff, the district court did not err in denying Plaintiff's motions.  *See Gonzales v. N.M. Dep't of Health*, 2000-NMSC-029, ¶ 18, 129 N.M. 586, 11 P.3d 550; *Martinez v. Ponderosa Prods., Inc.*, 108 N.M. 385, 386, 772 P.2d 1308, 1309 (Ct. App. 1988); *see also Rhein v. ADT Auto., Inc.*, 1996-NMSC-066, ¶ 24, 122 N.M. 646, 930 P.2d 783 (stating that a district court cannot disturb a jury verdict based on the court's doubt about credibility; the jury exclusively evaluates evidence and credibility, and a trial court only intervenes

3

if the verdict is clearly and manifestly against the weight of the evidence such that grave injustice would result).

Plaintiff continues to claim that statements made by certain jurors and overheard by Plaintiff and her counsel demonstrated "bias in failing to decide the case based on the evidence presented." [MIO 15] As we explained in our calendar notice, the affidavits could not be considered in deciding whether to grant a new trial. A new trial cannot be granted based on affidavits and statements presented to the district court after the jury returns a verdict. *See Kilgore v. Fuji Heavy Indus. Ltd.*, 2010-NMSC-040, ¶ 11, 148 N.M. 561, 240 P.3d 648. Otherwise, the jury's deliberations would be reviewable and the jury would not have the final authority over its verdict. *Shadoan v. Cities of Gold Casino*, 2010-NMCA-002, ¶ 13, 147 N.M. 444, 224 P.3d 671.

Plaintiff seeks to amend her docketing statement to add a claim that the district judge's judgment was affected by his use of alcohol. [MIO 21] This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superceded by rule on other grounds as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Plaintiff refers to a newspaper article that indicated the district judge was removed from the bench for violating his probation. Plaintiff alleges that the conduct

of the judge may have affected his judgment and performance. [MIO 21] Plaintiff does not provide information to show that the district judge was engaging in this conduct during the trial in her case, or that the conduct of the district judge affected the outcome of her trial in any way. We deny Plaintiff's motion to amend her docketing statement.

For the reasons discussed in this opinion and in our calendar notice, we affirm the denial of Plaintiff's motions.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**J. MILES HANISEE, Judge**