This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**THE SIMONS FIRM, LLP,**

Plaintiff/Counterdefendant-Appellee,

v.                                                     NO.   32,100

**GARRETT QUINTANA and**
**TIERRA GROUP, LLC, a**
**New Mexico limited liability**
**company,**

Defendant/Counterclaimant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Barbara J. Vigil, District Judge**

The Simons Firm, LLP
Thomas A. Simons IV
Daniel H. Friedman
Santa Fe, NM

for Appellee

Garrett Quintana
Santa Fe, NM

Pro Se Appellant

Ortiz Law Firm, P.C.

Matthew E. Ortiz

Santa Fe, NM

for Appellant Tierra Group, LLC

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Garrett Quintana (Defendant) appeals from the district court's order denying his amended motion to alter the judgment under Rules 1-059 and 1-060(B) NMRA, the order dismissing counterclaims, and the order awarding attorney fees. [RP 333, 335, 337] We proposed to affirm in a calendar notice. In response, we have received memoranda in opposition and support from the parties. We have also received a motion to amend the docketing statement from Defendant. We have carefully considered Defendant's arguments, but we are not persuaded by them. Therefore, we affirm. We deny Defendant's motion to amend the docketing statement to add more facts pertaining to the motion to vacate. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superceded by rule on other grounds as recognized in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991) (discussing procedures for amending docketing statement) .

The arbitration award was entered in favor of The Simons Firm, LLC (Plaintiff) on October 27, 2010. [RP 21] Defendant filed a motion to vacate the award on September 20, 2011. [RP 119] Defendant's motion was denied by the district court.

2

[RP 245] The district court clarified that Defendant was made aware that the district court would hear his motion at the September 30, 2011 hearing. [Id.] The district court explained that the issue contained in Defendant's motion and that in Plaintiff's motion to confirm the award were the same. [Id.] The district court granted Plaintiff's motion to confirm the award. [Id.] On November 1, 2011, Defendant filed a motion to amend or alter the judgment that was based on the confirmed arbitration award. [RP 233] The motion was brought under Rules 1-059 and 1-060(B) NMRA, although it was timely filed under Rule 1-059. [Id.] Therefore, we refer only to Rule 1-059 with respect to Defendant's motion. *See Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 7, 142 N.M. 527, 168 P.3d 99. In the motion, Defendant argued that (1) Plaintiff failed to obtain an order to compel arbitration from the district court [RP 243]; (2) Defendant was provided with notice of the arbitration hearing, but the location was changed, and Defendant was notified of that change only two days prior to the hearing; (3) the district court heard Defendant's motion to vacate the award before the motion had been fully briefed by Defendant; and (4) the arbitration rules were not applicable in this case because there was no dispute between the parties. [RP 243-47]

In our calendar notice, we addressed the issues raised by Defendant in his docketing statement, and we proposed to affirm the district court's orders. As we

pointed out in our notice, Defendant admitted that the agreement contained an arbitration clause, and the clause provides that any dispute between the parties pursuant to the agreement must be settled through binding arbitration. [RP 70] Defendant submitted to the arbitrator his detailed claims that there was no dispute and that it was inappropriate for Plaintiff to proceed to arbitration, and he asked for various forms of relief. Based on the discussion in our notice, we proposed to affirm the findings of the district court in support of the denial of Defendant's motion to alter or amend the judgment. The district court found that Defendant did not refuse to arbitrate, Defendant presented to the arbitrator his position that the failure to pay the bill for legal services was not an arbitrable dispute, and the arbitrator had the authority to decide that the issue was an arbitrable dispute. In response to our calendar notice, Defendant repeats the arguments made in the docketing statement. We addressed those issues in our calendar notice, and we are not persuaded that our analysis was incorrect.

In addition, Defendant for the first time argues that an arbitration award can be vacated if the arbitrator exceeded the scope of his or her power. [MIO 3] There is nothing to indicate that this specific argument was presented to the district court in connection with Defendant's motion to alter or amend the judgment. *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ( "To preserve

4

an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). Therefore, we will not address the issue.

Moreover, we note that under the standard of review applied to arbitration awards, the district court did not need to address the issues raised in Defendant's motion to alter or amend the judgment. Three of the issues concerned the proceedings before the arbitrator, and one concerned the proceedings before the district court. With respect to proceedings before an arbitrator, a district court does not conduct a de novo review or consider the evidence that was presented to the arbitrator. *See Casias v. Dairyland Ins. Co.*, 1999-NMCA-046, ¶ 8, 126 N.M. 772, 975 P.2d 385. In fact, there are strict limitations on a district court's review of an arbitration award and that review is "generally limited to allegations of fraud, partiality, misconduct, excess of powers, or technical problems in the execution of the award." *Fernandez v. Farmers Ins. Co. of Ariz.*, 115 N.M. 622, 625, 857 P.2d 22, 25 (1993). Therefore, the three issues concerning the proceedings before the arbitrator would not have been reviewable by the district court.

In this case, Defendant filed his motion under Rule 1-059(E), which contemplates alteration or amendment of a judgment if there is some error in the judgment. The grant or denial of a motion under Rule 1-059 is within the discretion

of the district court. *See Martinez v. Ponderosa Prods., Inc.*, 108 N.M. 385, 386, 772 P.2d 1308, 1309 (Ct. App. 1988). As discussed, three of Defendant's issues concerned the arbitration proceedings and were not reviewable by the district court. Defendant's remaining argument was that he was unable to finish his brief before the district court addressed his motion to vacate. However, it was Defendant's obligation to complete his brief, and it was not the responsibility of the district judge to wait until the brief was finished before issuing a ruling, particularly where the judge reminded Defendant that he had been informed that his motion would be addressed at the hearing. This does not constitute error in the judgment. Therefore, the district court did not abuse its discretion in denying Defendant's motion.

For the reasons discussed in this Opinion and in our calendar notice, we affirm the orders of the district court.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

6

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**MICHAEL E. VIGIL, Judge**