818 P.2d 863

Phillip M. LUCERO, Claimant–Appellee,

v.

YELLOW FREIGHT SYSTEM, INC., self-insured employer, Respondent–Appellant.

No. 12388.

Court of Appeals of New Mexico.

July 9, 1991.

Richard J. Crollett, Albuquerque, for claimant-appellee.

Robert Bruce Collins, Albuquerque, for respondent-appellant.

## OPINION

HARTZ, Judge.

This workers' compensation case presents the question of when we should interrupt our customary processing of an appeal in order to remand the matter to a lower tribunal for correction of an error acknowledged by a judge of that tribunal.

Yellow Freight System, Inc. (employer) has appealed an award by the Workers' Compensation Administration (WCA) to Phillip M. Lucero (Lucero) of $6,879.12 for past medical expenses related to his back. Employer has also moved to remand this matter to the WCA for reconsideration of the award because the Workers' Compensation Judge has indicated that he entered the award in error.

The award was entered after Lucero appealed an earlier compensation order that denied him the claimed medical expenses. In an unpublished memorandum opinion that considered a number of issues, we reversed the WCA's findings that (1) Lucero had failed to give notice of a back injury and (2) there was not substantial evidence of a back condition related to an accident at work. We therefore also reversed the WCA order denying future medical benefits and instructed the WCA to enter an amended order dismissing without prejudice the claim for future medical expenses. Because Lucero did not raise the issue, the opinion did not address the WCA's denial of his request for an award of past medical expenses related to the back injury.

On appeal employer makes several arguments to the effect that the issue of Lucero's entitlement to past medical expenses for his back was abandoned in the prior appeal and that the award on remand of past medical expenses violated this court's mandate from that appeal. In addition, employer challenges the amount of the award of past medical expenses, contending that our prior reversal on the issue of causation does not require an award of the full amount of prior medical expenses related to Lucero's back.

We do not address these appellate issues because we grant employer's motion to remand to the WCA. The ground for the remand was raised initially by employer in an application for modification of compensation order filed with the WCA approximately five weeks after employer filed its timely notice of appeal. The application

contended that the award of past medical benefits was entered by the WCA under mistake induced by a misrepresentation by Lucero's counsel. (We need not consider employer's second ground stated in the application—that the award was contrary to the mandate of this court on the first appeal.) After a hearing on the application, the WCA entered an order stating that it was "inclined * * * to correct the error in its Judgment, awarding past medical expenses, which error was induced by misstatement of [Lucero's] counsel"; but it deferred action pending remand by this court. *See Riesenecker v. Arkansas Best Freight Sys.*, 110 N.M. 451, 796 P.2d 1147 (Ct.App.1990) (WCA loses jurisdiction of case while it is on appeal). Our grant of employer's motion now provides the WCA with jurisdiction to reconsider its ruling. Before discussing the pertinent law and its application to the facts of record here, we emphasize that nothing in this opinion should be taken as implying that any alleged misstatement by Lucero's counsel was intentional.

THE GOVERNING LAW

Employer filed its application pursuant to NMSA 1978, Section 52–5–9 (Cum.Supp. 1990), which reads:

**Application for modification of compensation order.**

A. Compensation orders are reviewable subject to the conditions stated in this section upon application of any party in interest in accordance with the procedures relating to hearings. The workers' compensation judge, after a hearing, may issue a compensation order to terminate, continue, reinstate, increase, decrease or otherwise properly affect compensation benefits provided by the Workers' Compensation Act [Chapter 52, Article 1 NMSA 1978] or the New Mexico Occupational Disease Disablement Law or in any other respect, consistent with those acts, modify any previous decision, award or action.

B. A review may be obtained upon application of a party in interest filed with the director at any time within two years after the date of the last payment or the denial of benefits upon the following grounds:

(1) change in condition;

(2) mistake, inadvertence, surprise or excusable neglect;

(3) clerical error or mistake in mathematical calculations;

(4) newly discovered evidence which by due diligence could not have been discovered prior to the issuance of the compensation order;

(5) fraud, misrepresentation or other misconduct of an adverse party;

(6) the compensation order is void; or

(7) the compensation order has been satisfied, released or discharged or a prior order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the order should have prospective application.

Paragraph B is obviously modeled on our rule of civil procedure, SCRA 1986, 1–060(B).[1]

■ Initially, we must determine whether Section 52–5–9 applies to this case. The effective date of Section 52–5–9 is December 1, 1986. Lucero's cause of action arose

---

1. The pertinent portion of Rule 1–060(B) reads:
    "**Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise or excusable neglect;
    (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 1–059;
    (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
    (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one-year after the judgment, order or proceeding was entered or taken."

in October 1986. In *Jojola v. Aetna Life & Casualty*, 109 N.M. 142, 144, 782 P.2d 395, 397 (Ct.App.1989), we wrote: "[I]n the absence of express statutory language or compelling reasons to the contrary, any new provisions of the Workers' Compensation Act shall apply only to causes of action accruing [on or] after the effective date of the provision." Because no express statutory language provides that Section 52–5–9 applies to causes of action arising before December 1, 1986, that section does not apply to this case unless there are compelling reasons for it to do so. Such compelling reasons exist.

■ Section 52–5–9 is part of the 1986 revisions to our Workers' Compensation Act, which transferred jurisdiction over disputes under the act from the district courts to the WCA. Section 101 of 1986 New Mexico Laws, Chapter 22, provides that all claims filed after December 1, 1986, shall be filed with the WCA. Prior to that time all claims were to be filed in district court. *See Wylie Corp. v. Mowrer*, 104 N.M. 751, 726 P.2d 1381 (1986). Undoubtedly, Section 52–5–9 was intended to govern all proceedings before the WCA. It would make no sense for the implementing statutes setting forth the procedures of the WCA not to apply to every case heard by the WCA from the WCA's inception. Otherwise there would be a gap in the law. *Cf. id.* (district courts granted jurisdiction to hear workers' compensation cases filed between May 21 and December 1, 1986, even though statute granting jurisdiction to district courts was repealed effective May 21, 1986). Claimant filed his claim with the WCA on June 25, 1987. Therefore, we hold that Section 52–5–9 applies to this case. *Cf. St. Clair v. County of Grant*, 110 N.M. 543, 797 P.2d 993 (Ct.App.1990) (Section 52–5–9 not applicable to case pending before district court at time of enactment).

## APPLICATION OF SECTION 52–5–9 TO THIS CASE

We first review the events leading to the order granting employer's Section 52–5–9 motion. We then discuss the applicable law.

On February 8, 1990, the WCA conducted a hearing regarding the new compensation order to be entered in compliance with this court's mandate arising from the first appeal. The hearing dealt with a variety of issues. One issue was Lucero's request for past medical expenses related to his back. He claimed that they should all be paid by employer. Employer contended that (1) past-due medical bills were not a proper subject for rehearing on the mandate and (2) even though the opinion of this court required the WCA to find that Lucero had "a back condition related to an accident at work," there would still need to be factfinding regarding whether the prior medical bills originated from Lucero's accidental injury or arose out of an ongoing degenerative process for which employer was not liable. In response to the arguments of counsel, the workers' compensation judge stated:

What's happened to this man here is that there was a little trauma, the trauma flared up, he got medical treatment for it. But what's happening to him as far as his lifetime's needs to pay for this thing is something that had nothing to do with the injury.

\* \* \* \* \* \*

[W]hen I entered that finding that the court of appeals reversed, that he's not entitled to future medical care, what it is I'm saying is that here he's receiving at least at the time the trial took place for his back, does not relate for the trauma that took place to his back when he was on the job. I was making that kind of finding. But they said I can't make that kind of finding. I should have made a finding that the care he's getting now is not a medical necessary expense for the injury he had then. And then that would—that would not be payable.

Because the parties were unable to agree on a form of order, a second hearing was conducted on April 16, 1990. At that hearing Lucero's attorney summarized what had been decided at the hearing two months earlier. He stated that the judge had said that the amended order should "reflect that [the employer was] to pay the

past medical expenses as accepted into evidence at the time of the formal hearing." Counsel for employer argued that employer should not pay those expenses, but he did not contend that Lucero's counsel had misrepresented what had happened at the prior hearing. The amended judgment filed on April 16 required employer to pay past medical expenses of $6,879.12.

■ Employer filed its notice of appeal on May 16, 1990. On June 22 it filed with the WCA an application for modification of compensation order, attaching transcripts of the pertinent portions of the February 8 and April 16 hearings in support of its argument that "the award was entered under mistake induced by misrepresentation of counsel for [Lucero]." Employer's memorandum in support of the application made clear that it was not contending that Lucero's attorney intentionally made any misstatements. After a hearing on employer's application, the WCA entered its order declining to assert jurisdiction because of the pending appeal but stating that if the matter were remanded it would be inclined "to correct the error in its Judgment, awarding past medical expenses[.]"

■ We hold that employer properly sought relief under Section 52–5–9(B)(2). Apparently the judge intended to enter a compensation order in accordance with what he had orally stated at the February 8 hearing but, given the fading of memories by April 16, he failed to do so. In our view, such an error would be one of "mistake" or "inadvertence" within the meaning of Section 52–5–9(B)(2). We need not decide whether relief could also have been sought under Section 52–5–9(B)(5), which relates to "fraud, misrepresentation or other misconduct of an adverse party."

■ What occurred in this case would, as a matter of common parlance, be considered a matter of "mistake" or "inadvertence." We should adopt the common meaning of the words employed in this statute unless their context suggests otherwise. *State v. Rodriguez*, 101 N.M. 192, 679 P.2d 1290 (Ct.App.1984) (words in statute are given their ordinary meaning unless legislature indicates a different intent).

In particular, we look to see if any different gloss has been placed on the words "mistake" or "inadvertence" by judicial tradition. *Cf. Fowler–Propst v. Dattilo*, 111 N.M. 573, 807 P.2d 757 (Ct.App.1991) (the phrase "newly discovered evidence" in Rule 1–060(B)(2) is term of art).

No reported decisions construe Section 52–5–9(B). We are guided, however, by construction of the quite similar terms of our Rule of Civil Procedure 1–060(B) and Federal Rule of Civil Procedure 60(b). The language of Section 52–5–9(B)(2) is identical to that in New Mexico Rule 1–060(B)(1) and Federal Rule 60(b)(1). Although the matter is not without doubt, the prevailing opinion in the federal courts appears to be that judicial error in some circumstances is correctable under Federal Rule 60(b)(1). *See* 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.22[3] (2d ed. 1991); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2858 (1973). Our supreme court's decision in *Parsons v. Keil*, 106 N.M. 91, 739 P.2d 505 (1987), suggests the same result. In that case the district court granted summary judgment but then vacated the judgment and set the case for trial after an affidavit submitted by the losing party convinced the court that it had misconstrued or misunderstood deposition testimony upon which it had relied in granting summary judgment. The supreme court did not base its decision on Rule 1–060(B)(1). Rather, it affirmed the district court's action under the catch-all provision of Rule 1–060(B)(6), which permits setting aside a judgment for "any other reason justifying relief from the operation of the judgment." Section 52–5–9 has no comparable provision. Nevertheless, *Parsons*, although not itself construing the words "mistake" or "inadvertence," strongly implies that nothing in the context of the rule suggests that those words should always exclude matters of mistake or inadvertence by the judge.

The principal objections to using Federal Rule 60(b)(1) as a means to correct judicial error have been that such use of the rule would (1) undermine the restrictions on Rule 59(e) motions to alter or amend the

judgment and (2) subvert the appellate process. *See, e.g., Silk v. Sandoval,* 435 F.2d 1266 (1st Cir.), *cert. denied,* 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971); *Swam v. United States,* 327 F.2d 431 (7th Cir.), *cert. denied,* 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55 (1964). The first objection has no application here. Although the New Mexico Rules of Civil Procedure have a counterpart to Federal Rule 59(e)—our Rule 1–059(E)—the Workers' Compensation Act has no provision other than Section 52–5–9 for the WCA to alter or amend its judgments.

As for the concern about subverting the appellate process, it could have considerable merit if a party does not file a timely appeal, then moves to correct a legal error pursuant to Rule 60(b)(1), and then appeals the denial of such a motion. We would be reluctant to permit the use of Section 52–5–9(B)(2) to circumvent the time limits for an appeal. *Cf. Chavez v. Village of Cimarron,* 65 N.M. 141, 333 P.2d 882 (1958) (Rule 60(b) not to be used to extend time for appeal); *Labansky v. Labansky,* 107 N.M. 425, 759 P.2d 1007 (Ct.App.1988) (motion for reconsideration or for new trial merely asked trial court to reconsider issues already presented at trial, so denial of motion was not separately appealable); *Phelps Dodge Corp. v. Guerra,* 92 N.M. 47, 582 P.2d 819 (1978) (Rule 60 is not to be used as substitute for appeal). That is not a problem in this case, however, because employer filed a timely appeal.

■ Moreover, permitting relief under Section 52–5–9(B)(2) in the context of this case facilitates, rather than subverts, the appellate process. When errors such as the one alleged here occur, we may well be lithifying an injustice by refusing to remand the matter for reconsideration by the lower tribunal. The error is likely to be one that cannot be corrected on appeal because the scope of our review is so limited. We do not decide the credibility of witnesses or reweigh the evidence, *see Sanchez v. Homestake Mining Co.,* 102 N.M. 473, 697 P.2d 156 (Ct.App.1985); we often defer to the discretion of the lower tribunal, reversing only for a clear abuse of discretion, *see Jaramillo v. Fisher Controls Co.,* 102 N.M. 614, 698 P.2d 887 (Ct. App.1985); and we generally presume that the lower tribunal applied the proper legal standard in reaching its conclusion, *see State v. Ferguson,* 111 N.M. 191, 803 P.2d 676 (Ct.App.1990). As a result, in many circumstances we would affirm an order or judgment of the lower tribunal regardless of which way the decision came out. Thus, when the lower tribunal informs us, as has the WCA in this case, that the judgment does not accurately reflect its fact-finding, its exercise of discretion, or what law it applied to the facts, we should ordinarily provide for remand to correct the error. *Cf. Archuleta v. New Mexico State Police,* 108 N.M. 543, 548, 775 P.2d 745, 750 (Ct. App.1989) (noting authority for appellate court to remand to district court that has indicated approval of Rule 1–060(B) motion). This is in accord with our practice of remanding on our own initiative for further findings and conclusions when the record on appeal generates doubt concerning the facts found or the law applied by the lower tribunal. *See Foutz v. Foutz,* 110 N.M. 642, 798 P.2d 592 (Ct.App.1990).

There are, of course, exceptions. When the error by the lower tribunal is one purely of law, there may be no point in a remand. For example, if the WCA in this case had granted employer's application solely on the ground that it had intended to rule that *our mandate in the prior appeal* foreclosed an award of past medical benefits, we would not remand; this court is in a better position than the WCA to determine the legal effect of our prior mandate. Other considerations, such as the untimeliness of the motion for remand, could also argue against remand.

We recognize that on occasion it may turn out to be inefficient to grant a motion to remand despite the WCA's indication that it would correct its judgment pursuant to Section 52–5–9(B). That would be true if the change in the judgment proves to be irrelevant to our disposition of the appeal. Such may even be the case here. We intimate no view on the merits of the various contentions of the parties. Nevertheless, we believe that overall there will be great-

er efficiency and less delay if we grant such motions prior to an in-depth study of the merits. Of course, when it is clear that remand will serve no purpose except delay, we will deny the motion.

CONCLUSION

In sum, we find that employer's motion was proper under Section 52–5–9(B). We remand to the WCA for consideration of the motion.

IT IS SO ORDERED.

DONNELLY and BIVINS, JJ., concur.