864 P.2d 317

**Willard L. DEERMAN, Jr., individually and as a partner in Heritage Dairy, Petitioner–Appellant,**

**v.**

**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF DONA ANA, Respondent,**

**and**

**Ramiro and Eloisa Ramos, et al., Intervenors–Appellees.**

**No. 13,290.**

Court of Appeals of New Mexico.

Sept. 17, 1993.

Certiorari Denied Nov. 3, 1993.

Beverly J. Singleman, Hubert & Hernandez, P.A., Las Cruces, for petitioner-appellant.

Kevin D. Elkins, Deputy County Atty., Dona Ana County Attorney's Office Las Cruces, for respondent Dona Ana County.

William A. Walker, Jr., Reeves, Chavez, Greenfield, Acosta & Walker, P.A., Las Cruces, for intervenors-appellees.

## OPINION

HARTZ, Judge.

Willard L. Deerman Jr. (Deerman), a partner in Heritage Dairy, appeals a district court decision regarding a special-use permit to operate a dairy on property he owns in Dona Ana County. Although the parties raise a number of issues in their briefs, the dispositive issue in this appeal is whether SCRA 1986, 1–060(B) (Repl.1992), authorized the court to vacate an earlier judgment in favor of Deerman. We reverse because a motion pursuant to SCRA 1–060(B) to set aside a judgment on the ground of an error of law by the district court must be filed within the time permitted for an appeal of the judgment.

## I. BACKGROUND

We divide the discussion of the litigation into two sections: the pre-intervention phase and the intervention phase.

### A. Pre-intervention

Over the objections of some area landowners and residents, the Dona Ana County Planning and Zoning Commission (PZC) granted Deerman's application for a special-use permit to operate the dairy, contingent on state Environmental Improvement Division approval of the dairy's wastewater discharge plan. The protestors appealed the PZC decision to the Board of County Commissioners sitting as the county's Board of Appeals (Appeals Board).

One member of the Appeals Board, County Commissioner Everardo Chavez, represented the district encompassing the proposed dairy site. Before the PZC hearing Chavez signed a petition objecting to Deerman's application for a special-use permit. In response to Chavez's endorsement of the petition and other alleged actions, Deerman sought to disqualify Chavez from voting on the appeal. The Appeals Board rejected Deerman's claim that Chavez should be disqualified. Chavez participated in the January 5, 1990, hearing and voted with three other board members to overturn the PZC decision. One commissioner abstained from voting.

Deerman petitioned the district court to overturn the Appeals Board decision. He claimed that the decision was arbitrary and capricious, that Chavez should have been disqualified from voting, and that he had been denied a fair and impartial hearing. Deerman filed a motion for summary judgment on the ground that because Chavez's vote should be disqualified, the Appeals Board decision lacked the two-thirds majority—four votes—required by a county zoning ordinance to overturn a PZC decision. The Board of County Commissioners responded that Chavez need not be disqualified and that the two-thirds majority required by county ordinance meant two-thirds of those present and voting. None of the landowners or residents opposing the dairy was a party to the original district court proceeding.

On July 30, 1990, the district court filed its findings of fact and conclusions of law. The court held that Chavez's vote would be disqualified for bias, leaving the Appeals Board without the four votes necessary to overturn the PZC decision. On September 4, 1990, the court entered its judgment reversing the Appeals Board decision and reinstating the PZC's grant of the special-use permit. The County chose not to appeal the judgment.

### B. Intervention

On October 2, 1990, seven individuals (Intervenors) filed a petition for a writ of certiorari with the district court, seeking a review of the Appeals Board decision. They apparently argued that the petition was timely because the district court's September 4, 1990, judgment amounted to a filing of the Appeals Board's January 5, 1990, decision. The court quashed the writ, holding that Intervenors had failed to file a timely petition, that no Appeals Board decision was filed on September 4, 1990, and that the court had no jurisdiction over the matter.

On October 31, 1990, nearly a month after the time for appeal had expired, *see* SCRA 1986, 12–201(A) (Repl.1992) (30–day time limit for filing notice of appeal), Intervenors filed their motion to intervene in this case. The motion claimed that until the time for appeal had expired they did not realize that the County was inadequately protecting their interests. Intervenors sought a stay of the district court's September 4, 1990, judgment and vacation of the judgment under SCRA 1–060(B)(4) and (B)(6). As grounds for vacating the judgment, Intervenors filed a series of motions arguing that (1) the judgment was void because the disqualification of Chavez's vote and reinstatement of the PZC decision was not within the court's jurisdiction and Intervenors were indispensable parties; (2) the disqualification deprived Intervenors of representation on the Appeals Board; and (3) the court's judgment deprived Intervenors of liberty and property interests without due process. After a hearing on November 9, 1990, the district court denied the motion to intervene. Intervenors then petitioned the New Mexico Supreme Court for either a writ of mandamus directing the district court to remand the matter to the Appeals Board or a writ of superintending control allowing intervention. On January 23, 1991, the Supreme Court granted the writ of superintending control. The writ was filed in district court on February 5, 1991.

Following a hearing on April 18, 1991, the district court decided that the supermajority requirement of the county ordinance violated state law. Although the court ruled that Chavez's vote would still be set aside, it held that a county ordinance could not require a two-thirds majority to overturn the PZC decision when NMSA 1978,

---

**1.** The pertinent part of Section 3–21–8 reads:
   C. When an appeal alleges that there is error in any order, requirement, decision or determination by an administrative official, commission or committee in the enforcement of Sections 3–21–1 through 3–21–14 NMSA 1978 ... the zoning authority by a majority vote of all its members may:

   . . . . .

   (2) in conformity with Sections 3–21–1 through 3–21–14 NMSA 1978:

---

Section 3–21–8(C)(2) (Repl.1985),[1] requires only a majority vote. The district court order filed May 28, 1991, affirmed the Appeals Board decision to deny the special-use permit.

## II. DISCUSSION

We need not reach the merits of whether the decision of the Appeals Board was lawful. The district court lacked authority to set aside its judgment of September 4, 1990. Because the Intervenors filed their motion after the time had expired for appeal from the judgment, they could not obtain relief on the ground that the court had made a legal error. Nor did Intervenors establish any extraordinary circumstance that would entitle them to relief in circumvention of the requirement of a timely appeal.

SCRA 1–060(B) provides in pertinent part:

   B. **Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

   (1) mistake, inadvertence, surprise or excusable neglect;

   (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 1–059;

   (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

   (4) the judgment is void;

   (a) reverse any order, requirement, decision or determination of an administrative official, commission or committee.

(5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one-year after the judgment, order or proceeding was entered or taken.

For convenience we shall refer to the rule, and the virtually identical Federal Rule of Civil Procedure 60(b), as Rule 60(B).

In their answer brief Intervenors rely on two provisions of the rule. They claim that Rule 60(B)(1) applies because "it is entirely appropriate for the Court to have ruled that it made a mistake in that the law governing the dispositive issue was not brought to the Court's attention during the proceedings which lead to the September 4, 1990 Order, and the Court wished to correct its Judgment." In other words, they contend that the district court made a "mistake" which could be cured under Rule 60(B)(1). Intervenors also contend that an extraordinary circumstance justified relief pursuant to Rule 60(B)(6). The sole extraordinary circumstance relied upon by Intervenors is that the Supreme Court issued an extraordinary writ—a writ of superintending control—to permit Intervenors to intervene in this case.

### A. Rule 60(B)(1)

We first consider the application of Rule 60(B)(1). In construing NMSA 1978, Section 52–5–9(B)(2) (Repl.Pamp.1991), the counterpart of Rule 60(B)(1) for proceedings under the Workers' Compensation Act, we interpreted "mistake, inadvertence, surprise or excusable neglect" to include judicial error. *See Lucero v. Yellow Freight Sys.*, 112 N.M. 662, 666–67, 818 P.2d 863, 867–68 (Ct.App.1991). In reaching that result we were guided by federal authority construing Rule 60(B)(1). But *Lucero* is not controlling here because there is a significant difference between

judicial procedures and procedures in workers' compensation cases. As we noted in *Lucero*, one reason given by some federal courts for not interpreting Rule 60(B)(1) to include judicial error does not apply to Section 52–5–9(B)(2). The Workers' Compensation Act has no provision comparable to Federal Rule of Civil Procedure 59(e), the equivalent of New Mexico's SCRA 1986, 1–059(E) (Repl.1992), which states that motions to alter or amend a judgment must be served within ten days after entry of judgment. Interpreting Rule 60(B)(1) to encompass judicial error may undercut the time limits in Rule 1–059(E).

■ Nevertheless, there is a compelling reason to interpret Rule 60(B)(1) to encompass legal error by the court. If the trial judge can correct such an error pursuant to Rule 60(B)(1), there may be no need for an appeal. *See Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir.1964). Such an application of Rule 60(B)(1) promotes the efficient use of judicial resources. Also, this construction of Rule 60(B)(1) hardly renders Rule 1–059(E) totally inoperative. Rule 1–059(E) comprehends grounds for relief well beyond errors of law by the district court. Therefore, we hold that Rule 60(B)(1) applies to judicial errors of law. *Cf. Benavidez v. Benavidez*, 99 N.M. 535, 538–39, 660 P.2d 1017, 1020–21 (1983) (there was no judicial "mistake" under Rule 60(B)(1) when parties intentionally withheld facts from court).

We must, however, impose strict time limitations on the use of Rule 60(B)(1) to correct judicial legal error. Rule 60(B) requires that all motions pursuant to the Rule be made "within a reasonable time." What is a "reasonable time" within which to move to correct an error of law by the district court? We have already stated that use of Rule 60(B)(1) to correct such error can be an efficient use of judicial resources to eliminate the need for unnecessary appeals. Still, that use of the rule should not be a means of evading the time limitations for appeal. When a motion under Rule 60(B)(1) to correct legal error by the district court is filed after the time for appeal has expired, consideration of the

motion by the district court in no way increases judicial efficiency. A ruling by the district court does not render unnecessary an appeal that would otherwise be taken. On the contrary, it initiates a process, including a potential appeal from the ruling on the motion, that would otherwise be foreclosed by the time limits for initiating appellate review.

Federal courts that have permitted correction of judicial legal error pursuant to Rule 60(B)(1) have virtually uniformly held that such correction is not permissible when the motion is filed after the expiration of the time for appeal. *See* 7 James W. Moore & Jo D. Lucas, *Moore's Federal Practice* ¶ 60.22[4] (2d ed. 1993); 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2858, at 178 (1973). Nor have we found any cases interpreting comparable state rules of civil procedure to allow trial court motions to correct legal error after the expiration of the time for appeal. Although no reported New Mexico case is directly in point, New Mexico decisions have repeatedly stated that Rule 60(B) is not to be used as a substitute for appeal. *See Phelps Dodge Corp. v. Guerra,* 92 N.M. 47, 50, 582 P.2d 819, 822 (1978); *Parks v. Parks,* 91 N.M. 369, 371, 574 P.2d 588, 590 (1978); *Chavez v. Village of Cimarron,* 65 N.M. 141, 146, 333 P.2d 882, 885 (1958); *Lucero,* 112 N.M. at 666–67, 818 P.2d at 867–68; *cf. Thompson v. Thompson,* 99 N.M. 473, 474, 660 P.2d 115, 116 (1983) (cannot use Rule 60(B)(6) to circumvent time requirement for appeal). We conclude that a motion pursuant to Rule 60(B)(1) to correct an error of law by the district court must be filed before the expiration of the time for appeal.

### B. Rule 60(B)(6)

█ Rule 60(B)(6) provides for relief from judgment for "any other reason justifying relief from the operation of the judgment." The language "any *other* reason" implies that a reason justifying relief under this provision must not be a reason encompassed by the grounds for relief in paragraphs (1), (2), (3), (4), or (5) of Rule 60(B).

*See Barker v. Barker,* · 94 N.M. 162, 167, 608 P.2d 138, 143 (1980); *Rios v. Danuser Mach. Co.,* 110 N.M. 87, 92, 792 P.2d 419, 424 (Ct.App.), *cert. quashed,* 110 N.M. 72, 792 P.2d 49 (1990); Wright & Miller, *supra,* § 2864, at 217. Thus, relief under Rule 60(B)(6) must be for a reason beyond legal error, for which relief is provided in Rule 60(B)(1). New Mexico and federal decisions have stated that a ground for relief under Rule 60(B)(6) must be "extraordinary" or "exceptional." *See Kilcrease v. Campbell,* 94 N.M. 764, 767, 617 P.2d 153, 156 (1980); Moore & Lucas, *supra,* ¶ 60.-27[1], at 60–269; Wright & Miller, *supra,* § 2864, at 219.

█ As already noted, Intervenors contend that the extraordinary circumstance in this case was that the Supreme Court granted them an extraordinary writ permitting them to intervene in this case after the time for appeal had expired. Yet, all that the Supreme Court's writ of superintending control meant is that the district court erred in not permitting Intervenors to intervene in the district court so that they could put forth their contentions that the judgment should be set aside. The writ does not state or imply the existence of extraordinary circumstances entitling Intervenors to succeed in setting aside the judgment.

Our Supreme Court recently reminded us that "[t]he general rule is that cases are not authority for propositions not considered." *Fernandez v. Farmers Ins. Co.,* 115 N.M. 622, 627, 857 P.2d 22, 27 (1993) (internal quotations omitted). We should refrain from construing a decision by the Supreme Court as resolving issues that are not addressed in the decision. This Court was taught a lesson in that regard in *State v. Varela,* 115 N.M. 586, 855 P.2d 1050 (1993). In that case the defendant sought from the Supreme Court an extension of time pursuant to SCRA 1986, 7–703(K), for a district court trial de novo on appeal from metropolitan court. The petition for an extension was untimely under the rule, but the defendant urged in his motion to the Supreme Court that the untimeliness of the petition was due to ineffectiveness of de-

fendant's counsel. The Supreme Court denied the petition. When the defendant then appealed the district court judgment to this Court, we ruled that the Supreme Court had already rejected the defendant's contention that ineffective assistance of counsel entitled him to an extension of time for his trial de novo in district court. The Supreme Court reversed us, pointing out that it had not decided that issue. *See also Hall v. Hall*, 115 N.M. 384, 851 P.2d 506 (Ct.App.1993) (noting occasions on which appellate court reviewed non-appealable orders when parties did not raise issue of appellate jurisdiction); *In re Adoption of Baby Child*, 102 N.M. 735, 737, 700 P.2d 198, 200 (Ct.App.1985) (denial of application for a writ is not a decision on the merits). Thus, it would be inappropriate for us to conclude from the writ of superintending control that the Supreme Court has already decided that extraordinary circumstances justify the relief sought by Intervenors.

■ Nor is Intervenors' status as intervenors an extraordinary circumstance permitting the reopening of an otherwise final judgment. Intervenors do not have a preferred status. As the United States Supreme Court has stated, "Of course, permission to intervene does not carry with it the right to relitigate matters already determined in the case, unless those matters would otherwise be subject to reconsideration." *Arizona v. California*, 460 U.S. 605, 615, 103 S.Ct. 1382, 1389, 75 L.Ed.2d 318 (1983); *see United States v. Kentucky Utils. Co.*, 927 F.2d 252 (6th Cir.1991).

■ To establish extraordinary circumstances justifying their belated motion to set aside the judgment in this case, Intervenors would have to show at the least that they were precluded from presenting in a timely manner the grounds for relief raised in their motion under Rule 60(B). This they have not done.

Intervenors have not provided any reason why they could not have intervened at an earlier stage of the district court proceeding. Intervenors simply assert that they were relying on the attorneys for the Board of County Commissioners to represent their interests. Yet, even if this were

a sufficient reason not to move to intervene at the outset of the district court proceeding, nothing prevented Intervenors from monitoring the district court action to determine if in fact their interests were being protected by the attorneys for the Board. Such monitoring would have revealed that the legal argument that ultimately prevailed with the district court—that Section 3–21–8(C) invalidated the local ordinance requiring a two-thirds vote to overturn a PZC decision—was never raised by the Board's attorney. Indeed, the first reference in the record to this legal argument is in a pleading filed by Intervenors after the Supreme Court issued its writ of superintending control to permit intervention. Furthermore, the attorney for Intervenors admitted in district court that "well before" the deadline for filing a notice of appeal he knew that the Board did not intend to appeal the original judgment. Finally, we note that Intervenors filed no proposed findings with the district court relating to why they delayed moving to intervene or what extraordinary circumstances justified relief under Rule 60(B)(6), and the district court entered no findings or conclusions regarding the existence of extraordinary circumstances.

■ Thus, all that the record reflects is simply a decision by Intervenors to let the Board carry the load in the district court. That this may have been an unwise decision is not an extraordinary ground justifying relief under Rule 60(B)(6). We agree with the commentator who wrote:

Relief should not be granted to a party who has failed to do everything reasonably within his power to achieve a favorable result before the judgment becomes final. If a party could have avoided conflicts with the principle of finality by doing everything within his power to achieve a favorable result before the judgment became final, but decided not to use the opportunity or neglected to do so, there are no compelling reasons to relieve him from the consequences of his own choice or negligence. Without this requirement, a rule granting relief from final judgment would likely degenerate

into a mere substitute for appeal and completely subvert the principle of finality.

Richard M. Lipton, Note, *Federal Rule of Civil Procedure 60(b); Standards for Relief from Judgments Due to Changes in Law*, 43 U.Chi.L.Rev. 646, 650 (1976). The United States Supreme Court expressed the same view with respect to Rule 60(B)(6) in the leading case of *Ackermann v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950), when it wrote:

> Petitioner made a considered choice not to appeal.... His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong, considering the outcome of the [companion] case. There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.

*Accord Martinez–McBean v. Government of V.I.*, 562 F.2d 908 (3d Cir.1977); *Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d 1291 (9th Cir.1982); *Espie v. Catholic Social Servs.*, 528 So.2d 863 (Ala.Civ.App.1988); Wright & Miller, *supra*, § 2864, at 214–15; Moore & Lucas, *supra*, ¶ 60.27[1], at 60–269; *see also Benavidez*, 99 N.M. at 539, 660 P.2d at 1021 (in context of Rule 60(B)(1) motion, court states that Rule 60(B) cannot be used to relieve party from free and conscious choice); *cf. Buckeye Cellulose Corp. v. Braggs Elec. Constr. Co.*, 569 F.2d 1036 (8th Cir.1978) (exceptional reason why timely appeal not filed); *Davis v. Davis*, 143 Ariz. 54, 691 P.2d 1082 (1984) (en banc) (same).

■ For the foregoing reasons, we hold that the district court lacked authority to grant relief pursuant to Rule 60(B) on the ground that the county ordinance was invalid under Section 3–21–8. For the same reasons, we also reject Intervenors' arguments in support of additional grounds for setting aside the original district court judgment. The district court would have had no authority to grant relief on any of those grounds. In particular, the original

judgment was not void, because the district court had jurisdiction to hear the matter. *See Sundance Mechanical & Util. Corp. v. Atlas*, 109 N.M. 683, 687–90, 789 P.2d 1250, 1254–57 (1990).

### III. CONCLUSION

We reverse the district court order of May 28, 1991, setting aside the September 4, 1990, final judgment.

**IT IS SO ORDERED.**

BIVINS and CHAVEZ, JJ., concur.