This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**TOWN OF BERNALILLO,**

Plaintiff-Appellee,

**v.**                                        No. A-1-CA-36125

**BERNADETTE CALDERON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Court Judge**

Christopher G. Perez
Bernalillo, NM

for Appellee

Bernadette Calderon
Bernalillo, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant, a self-represented litigant, appeals from the district court's order denying her motion for a new trial, a motion filed more than thirty days from entry of the judgment and sentence. We issued a notice of proposed summary disposition,

proposing to affirm on the basis that Defendant did not allege or establish any of the seemingly applicable grounds for relief from the order denying her late-filed, post-conviction motion. Defendant has filed a memorandum in opposition to our notice, which we have duly considered. We remain unpersuaded that Defendant established appropriate grounds for relief. Accordingly, we affirm.

{2}     Our notice explained that because Defendant's second motion for relief from the judgment and sentence—which was the motion that asserted the same errors raised on appeal—was filed more than thirty days after entry of the judgment, and because Defendant is not in custody, the motion seemed to have been filed under Rule 5-803 NMRA. We further explained that, as a result, Defendant needs to establish error in a manner consistent with Rule 5-803 NMRA and consistent with the principle that such post-conviction motions cannot substitute for a direct appeal. *See Deerman v. Bd. of Cty. Comm'rs*, 1993-NMCA-123, ¶ 16, 116 N.M. 501, 864 P.2d 317; *see also State v. Tran*, 2009-NMCA-010, ¶ 14, 145 N.M. 487, 200 P.3d 537 (stating that a writ of coram nobis "is only to afford an additional legal procedure to correct errors of fact that were unknown to the defendant, to his counsel, and to the court at the time of the trial, so that injustice will be prevented"); *see also Jones v. State*, 1970-NMSC-082, ¶ 9, 82 N.M. 568, 469 P.2d 717 ("Post[-]conviction proceedings are not a method of obtaining consideration of questions which might have been raised on appeal."). Thus,

we explained, Defendant cannot simply argue that the judgment and sentence entered in this case was the result of legal error, as such errors could have been corrected on direct appeal, if Defendant had timely filed her motion for a new trial and an appeal therefrom.

{3}     Mindful that newly-adopted Rule 5-803 does not have an attending body of case law on its application, we gave Defendant options for demonstrating the existence of the grounds for reopening a judgment that have been applied to such post-conviction motions: grounds that would have been applicable under Rule 1-060(B) NMRA or grounds for granting writ of coram nobis or even grounds for granting relief under applicable principles of Rule 5-802 NMRA. *See* Rule 5-803 comm. commentary. We observed that Defendant's motion for a new trial was an attack on the district court's refusal or failure to adjudicate her motion to suppress pretrial and did not allege any grounds for reopening a judgment under Rule 1-060(B) or Rule 5-802 or by writ of coram nobis. Thus, we proposed to affirm the denial of her motion and invited Defendant to show how she established such grounds for relief.

{4}     Defendant's response continues to explain what she believes to be the district court's error in denying her motion to suppress, [MIO 3-5, 7] as though she were challenging the denial on direct appeal. She also explains when she realized the error in subjective terms, [MIO 1-2, 6, 8] rather than demonstrating, for instance, that the

3

error was not discoverable until after the time for filing a direct appeal. Only on the last page of her response does Defendant acknowledge the need to apply a basis for relief relevant for a late-filed post-conviction motion. [MIO 10] Relying on Rule 5-803, Defendant frames her burden using language suggesting fundamental error. [MIO 10] Even assuming Defendant has accurately identified her burden, we are not persuaded that Defendant has met this standard. She simply asserts without demonstrating that the district court's mishandling of her motion to suppress was fundamental error. [MIO 10] *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). At a minimum, Defendant would have needed to establish that her motion to suppress would have prevailed and have changed the result. *Cf. State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error."). Neither Defendant's motion for a new trial nor her docketing statement nor her memorandum in opposition establishes that her motion to suppress clearly should have been granted and suppression would have precluded her conviction. Thus, we are not persuaded that Defendant has demonstrated that the district court erred by denying her motion for a new trial.

{5}     For the reasons stated in our notice and in this opinion, we affirm the district court's order denying her motion for a new trial.

{6}     **IT IS SO ORDERED.**


                                        _____
                                        **J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**MICHAEL E. VIGIL, Judge**

5