This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38445**

**LISA SENA, Personal Representative
of the Estate of Robert L. Nieto,
Deceased,**

      Plaintiff-Appellant,

v.

**LAURA NIETO, ALISHA NIETO,
DOROTHY NIETO, and FLORA
MASCARENAS,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Lisa Chavez Ortega, District Judge**

Lisa Sena
Albuquerque, NM

Pro Se Appellant

Laura Nieto
Dorothy Nieto
Flora Mascarenas
Albuquerque, NM

Alisha Nieto
Farmington, NM

Pro Se Appellees

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     Plaintiff, the pro se personal representative of the Estate of Robert L. Nieto (the Decedent), appeals from the district court's order denying her third motion to reconsider. She also seeks review of the district court's order granting in part and denying in part her complaint filed against the Decedent's family for their taking possession of the Decedent's items that allegedly belonged to the estate. We issued a notice proposing to reject Plaintiff's claims of error because she did not establish grounds under Rule 1-060(B) NMRA for relief from the district court's original judgment on her complaint. We also proposed to hold that Plaintiff cannot represent the estate pro se in this Court. Plaintiff has responded to our notice with a memorandum in opposition, which we have duly considered. We remain unpersuaded and affirm.

**{2}**     In response to our notice, Plaintiff explained that she has tried unsuccessfully to find an attorney to represent the estate; she cannot afford an attorney; she was never told that she could not act pro se; and that she wanted this Court to appoint her an attorney. [MIO 2, 4] Plaintiff also asks us to order the district court to withdraw its orders if she was not able to represent the estate without counsel. [MIO 2] We understand the difficult position in which Plaintiff finds herself, and we are unable to appoint an attorney to act on behalf of the estate. We also acknowledge Plaintiff's concern that our notice referred to federal law and New Mexico courts are not bound by federal law relative to the unauthorized practice of law in our state courts. [MIO 3] New Mexico case law has not developed a body of case law around the ability of non-attorneys to represent an estate, and federal case law may be used as guidance to fill voids in our New Mexico case law. *See State ex rel. King v. Behavioral Home Care, Inc.*, 2015-NMCA-035, ¶¶ 16-17, 21, 346 P.3d 377 (explaining that federal precedent may be considered instructive where we are without guidance from New Mexico case law). We point out our concerns with Plaintiff representing the estate because we are often required to address threshold matters. *See Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 9, 142 N.M. 786, 171 P.3d 300 (admonishing the Court of Appeals for not addressing a threshold jurisdictional question squarely presented where it would not change the outcome of the merits). To the extent Plaintiff asks us to order the withdrawal of the district court's judgments based on the unauthorized practice of law, Plaintiff does not refer us to any authority, and we are not aware of any, that would permit or require us to withdraw the district court's orders. Rather, Plaintiff may attempt to seek post-judgment relief directly from the district court based on her unknowingly, potentially unauthorized practice of law. *See, e.g.*, Rule 1-060(B).

**{3}**     Our notice additionally explained to Plaintiff that her appeal also could not prevail on the merits because she was required to, and did not, demonstrate that her third motion for reconsideration established grounds under Rule 1-060(B) for relief from the district court's May 7, 2019 judgment on her complaint. [CN 2-3] Plaintiff did not appeal from the May 7, 2019 judgment or from the first order denying her only timely motion to reconsider, [RP 74-76, 79] and therefore is stuck with those judgments. *See In re Estate of Duran*, 2007-NMCA-068, ¶ 15, 141 N.M. 793, 161 P.3d 290 (listing cases dealing with the effect of a judgment on a litigant who does not appeal); *Cordova v. Larsen*, 2004-NMCA-087, ¶ 10, 136 N.M. 87, 94 P.3d 830 (stating that "law of the case doctrine relates to litigation of the same issue recurring within the same suit" and indicates that

"a decision on an issue of law made at one stage of a case becomes a binding precedent in successive stages of the same litigation" (internal quotation marks and citation omitted)).

**{4}**     We explained that Plaintiff's successive motions to reconsider, filed after thirty days of the underlying judgment, do not extend the time for appealing the underlying judgment and do not permit the moving party to directly appeal the underlying judgment for simple legal error. *See* Rule 12-201(D)(1)(c) NMRA; Rule 1-060(B)(6); *Deerman v. Bd. of Cty. Comm'rs*, 1993-NMCA-123, ¶ 16, 116 N.M. 501, 864 P.2d 317 (stating that "Rule [1-0]60(B) is not to be used as a substitute for appeal" and concluding that "a motion pursuant to Rule [1-0]60(B)(1) to correct an error of law by the district court must be filed before the expiration of the time for appeal"). Thus, Plaintiff's second and third motions to reconsider, filed after thirty days of the May 7, 2019 judgment on her complaint, needed to establish grounds under Rule 1-060(B); and every order on Plaintiff's motions to reconsider were final and needed to have been separately appealed to bring those orders under our review. *See* Rule 12-201(D)(1)(c); *Wooley v. Wicker*, 1965-NMSC-065, ¶ 5, 75 N.M. 241, 403 P.2d 685 (holding that an order denying relief from a final judgment under Rule 1-060(B) is a final, appealable order). Because Plaintiff only appealed from the third order denying reconsideration of the May 7, 2019 judgment, [RP 123-25] the scope of our review is limited to this ruling of the district court and whether Plaintiff demonstrated grounds under Rule 1-060(B) for relief.

**{5}**     As we stated in our notice, Plaintiff's third motion for reconsideration in district court and her appeal simply allege error in the district court's ruling on the complaint based on a more refined factual and legal argument. [RP 88-117; DS 5-12] Unfortunately, this is insufficient to demonstrate grounds for relief under Rule 1-060(B). *See Deerman*, 1993-NMCA-123, ¶ 16.

**{6}**     For the reasons stated above and in our notice, we reject Plaintiff's assertions of error and affirm the district court's order denying Plaintiff's third motion for reconsideration.

**{7}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**BRIANA H. ZAMORA, Judge**