This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38982**

**THE BANK OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK as Trustee for
FIRST HORIZON ALTERNATIVE MORTGAGE
SECURITIES TRUST 2005-FA7,**

       Plaintiff-Appellant,

v.

**ALMA A. SAUL,**

       Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Carl J. Butkus, District Judge**

Rose L. Brand & Associates, P.C.
Eraina M. Edwards
Albuquerque, NM

Bradley Arant Boult Cummings LLP
Gabriella E. Alonso
Houston, TX

for Appellant

Alma A. Saul
Albuquerque, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     Plaintiff appeals from a district court order denying its second motion to reconsider the dismissal of its foreclosure complaint. We issued a calendar notice proposing to affirm. Plaintiff has responded with a timely memorandum in opposition. Defendant has filed a response indicating that she agrees with our proposed disposition, but she is requesting damages based on malicious prosecution. Defendant never filed a counterclaim below. We therefore do not need to consider the malicious prosecution claim in this appeal. We affirm the district court's order denying Plaintiff's second motion to reconsider.

**{2}**     The underlying order dismissing the foreclosure action was filed on October 30, 2017. [RP 116] Plaintiff filed a timely motion to reconsider on November 29, 2017. [RP 120] The motion was denied on February 11, 2020, thereby triggering the running of time to file a notice of appeal. [RP 272] *See* Rule 12-201(D) NMRA (addressing the effect of posttrial or postjudgment motions as extending the time for appeal until entry of a final order expressly disposing of the motions when there is no provision of automatic denial of motion under applicable statute or rule). Plaintiff did not file a notice of appeal from that order. Instead, it filed a second motion, asking the court to reconsider its denial of the first motion to reconsider. [RP 274] The second motion was denied on March 24, 2020, and Plaintiff filed a timely notice of appeal from that order on April 23, 2020. [RP 306, 313]

**{3}**     Successive motions to reconsider, filed after thirty days of the underlying judgment, do not extend the time for appealing the underlying judgment and do not permit the moving party to directly appeal the underlying judgment for simple legal error, but instead are construed as appeals from the denial of a motion to set aside the judgment under Rule 1-060(B) NMRA. *See* Rule 12-201(D)(1)(c) NMRA; *Deerman v. Bd. of Cnty. Comm'rs*, 1993-NMCA-123, ¶ 16, 116 N.M. 501, 864 P.2d 317 (stating that "Rule [1-0]60(B) is not to be used as a substitute for appeal" and concluding that "a motion pursuant to Rule [1-0]60(B)(1) to correct an error of law by the district court must be filed before the expiration of the time for appeal").

**{4}**     Here, Plaintiff is claiming that the district court improperly ruled, as a matter of law based on the facts before it, that the statute of limitations had run on Plaintiff's complaint. Plaintiff's briefing on the first motion to reconsider specifically relied on *LSF9 Master Participation Trust v. Sanchez*, 2019-NMCA-055, ¶¶ 12-13, 450 P.3d 413, which addressed tolling and the applicable time to begin the running of the limitations period when the dispute involves an installment contract. [RP 223] Therefore, Plaintiff should have filed a timely notice of appeal from the district court's order that denied this motion because its legal argument is that some of the installment payments in this case were within the statute of limitations. Because Plaintiff did not appeal, our calendar notice proposed to affirm because Plaintiff could not rely on this asserted legal error for setting aside the judgment under Rule 1-060(B)(1). *See Deerman*, 1993-NMCA-123, ¶ 16 (observing that correction of judicial legal error under Rule 1-060(B)(1) is not permitted to be raised after deadline for filing a notice of appeal).

**{5}** In its memorandum in opposition, Plaintiff argues that *Sanchez* was further expanded by this Court in an unpublished opinion, and that this new case applies a practical remedy unavailable to it at the time of the first motion to reconsider. [MIO 2-3] However, *Moreno v. Bank of America*, No. A-1-CA-36879, mem. op. (N.M. Ct. App. Dec. 18, 2019) (non-precedential), did not create "new law." Instead, it noted, *id.* ¶ 9, that the issue before it was the "very question" presented in *Sanchez*, which was resolved by our holding in *Sanchez* that the statute of limitations in cases for installment contracts begins to run when each individual installment is due. Because *Moreno* simply applied *Sanchez* and in no way created new law, Plaintiff may not rely on it to excuse its failure to directly appeal the *Sanchez* issue after its first motion to reconsider was denied.

**{6}** Plaintiff also argues that exceptional circumstances exist that warrant setting aside the judgment under Rule 1-060(B)(6). [MIO 5] We find this unpersuasive, because the argument is predicated on the erroneous claim that *Moreno* expanded *Sanchez* in a way that would have allowed Plaintiff to present a new legal argument to the district court. *Cf. Koppenhaver v. Koppenhaver*, 1984-NMCA-017, ¶¶ 17, 19, 678 P.2d 1180 (holding that the Rule 1-060(B)(6) exceptional circumstances ground is to be used for grounds other than the preceding five of the rule, although it could apply where a change in law occurs *after* the denial of a posttrial motion).

**{7}** For the reasons set forth above, we affirm the district court.

**{8}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**