This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42691

**SDC-HOA, INC.,**

Plaintiff-Appellant,

v.

**CASA ENCANTADA CONDOMINIUMS,
LLC, a New Mexico Limited Liability
Company; ROBERT M. DRAPER;
MICHAEL MCGOWEN; and
DOES 1-5 Inclusive,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Emilio Chavez, District Court Judge**

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Elizabeth A. Martinez
Celina C. Baca
Albuquerque, NM

for Appellant

O'Brien & Padilla, P.C.
William R. Anderson
Albuquerque, NM

for Appellees Robert M. Draper and Michael McGowen

Natelson Law Firm
Stephen Natelson
Taos, NM

for Appellee Casa Encantada Condominiums, LLC

# MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Plaintiff attempts to appeal from the district court's grant of Defendant's motion to dismiss under Rule 1-041(E)(1) NMRA for failure to prosecute, its denial of Plaintiff's first motion to reconsider that order, and its denial of Plaintiff's second motion to reconsider that order or to set aside the judgment under Rule 1-060(B)(4) NMRA. This Court issued a calendar notice proposing to summarily affirm. Plaintiff filed a memorandum in opposition and motion to amend, and Defendant filed a memorandum in support, both of which we have duly considered. Unpersuaded by Plaintiff's appeal, we affirm. We deny Plaintiff's motion to amend because we agree with Plaintiff that its docketing statement adequately raised the issue identified by the motion.

**{2}** Plaintiff's memorandum in opposition does not challenge this Court's proposed determination that Plaintiff's appeal is untimely insofar as it relates to the district court's September 6, 2024 order, granting Defendant's motion to dismiss, and its January 24, 2025 order, denying Plaintiff's motion to reconsider the dismissal. [MIO 1-2 n.1] Thus, Plaintiff's appeal as to those issues are abandoned. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{3}** Plaintiff's memorandum in opposition continues to contend that the district court erred in denying Plaintiff's February 28, 2025, Rule 1-060(B) motion for relief from judgment. The memorandum in opposition does not appear to challenge this Court's determination that Plaintiff's docketing statement failed to demonstrate that the related district court's order erroneously denied Plaintiff relief for excusable neglect. [CN 5-7] *See Taylor*, 1996-NMCA-111, ¶ 5; *Hennessy*, 1998-NMCA-036, ¶ 24. Instead, Plaintiff argues that this Court's proposed analysis "overlooks a critical error" in the district court's order. [MIO 8] According to Plaintiff, the primary basis for the district court's denial was based on an outdated application of law as set forth in *Schall v. Burks*, 1964-NMSC-232, 74 N.M. 583, 396 P.2d 192, which Plaintiff argues has been subsequently overruled. [MIO 8-13] In particular, Plaintiff argues that the district court erroneously deprived Plaintiff of the opportunity to be heard before it granted Defendant's motion to dismiss. [Id.]

**{4}** Plaintiff's memorandum in opposition acknowledges that Plaintiff did not preserve this argument in the district court, but asserts that any such argument "did not need to be preserved" because the district court first referenced *Schall* in its April 7, 2025 order. [MIO 13] Thus, Plaintiff claims that it may raise the issue for the first time in this Rule 1-060(B) appeal because it did not have the opportunity to address the district court's error—dismissing Plaintiff's claims pursuant to Rule 1-041(E)(1) without a hearing—prior to filing this appeal. [MIO 13] We disagree.

**{5}** Defendant filed its Rule 1-041(E) motion to dismiss for failure to prosecute on July 11, 2024. [MIO 4] Absent a response from Plaintiff's counsel, the district court granted that motion without a hearing on September 6, 2024. As we explained in our calendar notice, Plaintiff failed to timely appeal from this order, as well as the district court's January 24, 2025 order denying Plaintiff's timely motion to reconsider the September 6, 2024 order. [CN 2-3] As a result, any challenges to the underlying merits of the district court's dismissal for failure to prosecute and its denial of Plaintiff's motion to reconsider the dismissal are not properly before this Court. [CN 2-3] *See Trujillo v. Serrano*, 1994-NMSC-024, ¶¶ 15-19, 117 N.M. 273, 871 P.2d 369 (reaffirming that the timely filing of a notice of appeal is a mandatory precondition to our exercise of jurisdiction to hear an appeal). This includes Plaintiff's current argument that the district court erroneously deprived Plaintiff of an opportunity to be heard prior to dismissing the case pursuant to Rule 1-041(E). [MIO 8-13] *See id.*; *Deerman v. Bd. of Cnty. Comm'rs*, 1993-NMCA-123, ¶ 16, 116 N.M. 501, 864 P.2d 317 ("Rule [1-0]60(B) is not to be used as a substitute for appeal.").

**{6}** The instant appeal is instead limited to the propriety of the district court's order denying Plaintiff's request for relief pursuant to Rule 1-060(B). However, Plaintiff's Rule 1-060(B) motion argued only excusable neglect, and, as we discussed in the calendar notice [CN 3], it was filed after the expiration of time for appeal. Thus, if Plaintiff contends that the district court erroneously denied it relief under Rule 1-060(B) due to legal error, the contention lacks merit. *See Deerman*, 1993-NMCA-123, ¶ 16 ("A motion pursuant to Rule [1-0]60(B)(1) to correct an error of law by the district court must be filed before the expiration of the time for appeal."); Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."); *see also Deerman*, 1993-NMCA-123, ¶ 23 ("Relief should not be granted to a party who has failed to do everything reasonably within [their] power to achieve a favorable result before the judgment becomes final." (internal quotation marks and citation omitted)).

**{7}** Plaintiff's memorandum in opposition has not otherwise asserted any fact, law, or argument that persuades us that our notice of proposed disposition was erroneous. *See Hennessy*, 1998-NMCA-036, ¶ 24; *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{8}  IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**JENNIFER L. ATTREP, Judge**